14　586
83　383

### EILERT VS. THE CITY OF OSHKOSH.

*It seems* that if, under the charter of a city, it becomes the duty of the city authorities to collect an assessment made against a lot to pay for grading done under a contract, or to put the proper machinery in motion for that purpose, and by neglect or collusion with the owner of the lot, they fail to make a proper defense to a suit brought by such owner to enjoin the collection of the assessment, and thus become incapable of performing that duty, the city would be held liable to the contractor for the amount. But in this case the evidence does not show any such neglect or collusion.

A party cannot recover upon an entirely different cause of action from that set out in his complaint.

APPEAL from the Circuit Court for *Winnebago* County. The case is sufficiently stated in the opinion of the court. Judgment in the circuit court for the plaintiff.

*Wheeler & Coolbaugh*, for appellant.

*Bouck & Edmonds*, for respondent.

December 30.

By the *Court*, COLE, J. It is difficult to perceive upon what principle the judgment in this case can be sustained. In the first place the complaint alleges that by the various proceedings of the city authorities, which are detailed therein, a public street was duly laid out according to the provisions of the charter. It then goes on to state that the street commissioners ordered this street to be graded by the owners of the lots fronting on the same, according to certain specifications ; the work to be done before the first of June, 1857 ; and that in default of the grading being done within the time limited, the commissioners, after due notice as required by the charter, entered into a contract with the respondent for grading the street ; which contract was performed by him, the work done, and accepted by the commission-

June Term,
1861.

EILERT
v.
CITY OF OSH-
KOSH.

ers, who issued certificates therefor in due form, stating therein the nature and amount of work done, and the descriptions of the lots upon which the same was chargeable; and among others certificate No. 137, for $1144.25, being the amount to which the respondent was entitled by virtue of his contract for grading the street, upon and through lot 15, block 30; that no part of said amount of $1144.25 had ever been paid; that at the time of the making out of the next assessment roll, the said amount was assessed against lot 15, and included in the assessment roll in the same manner as other assessments of a like nature; that the treasurer of the city was proceeding under his tax warrant to collect this assessment by sale of the lot, when he was enjoined by an injunction issued out of the circuit court of Winnebago county, on application of Reeder Smith, the owner of the lot.

Now there is nothing in all these allegations which in any way tends to show any general liability on the part of the city to pay for the grading of the street. Indeed, those allegations of the complaint which refer to the issuing of the certificates by the street commissioners, in which the expense of grading was made expressly chargeable upon the lots on which the work was done, would repel every such inference. The provisions of the charter under which the grading was ordered and the contract made, declare that the expense of the work shall be chargeable to and payable by the lots fronting on the street, and shall be assessed upon them.— Sections 5, 6 and 9, chapter 7, of the charter. And the whole case indubitably shows that it was the understanding of all parties that the cost of grading was made by the charter the subject of local assessment, chargeable upon the lots upon which the work was done, and did not become a general charge against the city. The street commissioners did not contract to pay for the grading out of any funds belonging to the city, and if they had made such a contract it would clearly have been beyond the scope of the authority given them by the charter. Nor did we understand that the counsel for the respondent contended for the proposition that the city was primarily under obligation to pay for grading the

June Term,
1861.

EILERT
v.
CITY OF OSH-
KOSH.

street, by virtue of the stipulations of the contract, but it was insisted that the city had incurred that liability in consequence of some neglect of duty on the part of the city authorities. And the most rational theory of the complaint is, that the action was intended to be what under the old system would be denominated a special action on the case, for damages sustained from a breach of some duty by the officers of the city. The particular breach of duty complained of would seem to be the neglect of the city to defend the suit instituted against it by Reeder Smith, in which the collection of the assessment upon lot 15 was enjoined. If this is not the true theory of the action, and the ground upon which the liability of the city is supposed to arise, then we confess we are unable to perceive upon what principle of law it rests. Upon this point the complaint in substance alleges that the judgment obtained by Smith against the city, restraining the collection of the assessment against lot 15 was obtained through the connivance or neglect of the city, which did not properly defend the same but allowed the judgment to be rendered without interposing on the trial of the cause a good and perfect defense which then existed and which was known to the city officials. This is an intelligible ground upon which to place the liability of the corporation. For it might well be insisted, if under the charter it became the duty of the city authorities to collect the assessment against lot 15 or to put the proper machinery in motion for that purpose, and by neglect or collusion with the owner of the lot in respect to the injunction suit, they became incapable of performing this duty imposed upon them, that then the city should be held liable. There is a class of cases which support this position, and the doctrine seems to rest upon rational grounds. *McCullough vs. The Mayor, &c., of Brooklyn*, 23 Wend., 458; *The Mayor, &c. of the City of New York vs. Furze*, 3 Hill, 612; *Hunt vs. The City of Utica*, 18 N. Y. R., 442; *Lake vs. Trustees of Williamsburgh*, 4 Denio, 520; *Beard vs. the City of Brooklyn*, 31 Barb. (S. C.), 142; *Conrad vs. The Trustees of the Village of Ithaca*, 16 N. Y. R., 159, recognize and illustrate this principle. But the insurmountable difficulty with the case under

June Term,
1861.

EILERT
v.
CITY OF OSH-
KOSH.

consideration is, that it does not come within the application of this doctrine. For there is a total and entire absence of all proof tending to show that the corporate authorities did not use due diligence, or omitted to use all the means given them by law to collect the tax assessed on lot 15 for the respondent. On the contrary the complaint avers, and the evidence clearly shows, that they were proceeding to collect the assessment by a sale of the lot when they were enjoined by the injunction proceeding. And so far from the testimony showing that the city was guilty of any negligence in not defending that suit in good faith, and in colluding with the plaintiff in reference to its management, the directly contrary appears. The city seems to have interposed all the defense it had, but the court deemed it insufficient in law, and granted the injunction. The court held that the street which was graded had never been properly and legally laid out—in other words that it was no street, and consequently that lot 15 was not liable to pay the assessment made against it. We are not called upon to go into the question as to whether or not the court was right in that conclusion. Upon this record it would appear to be very plain that the court properly granted the injunction. However that may be, the fact that the officers of the corporation yielded to the mandate of a court of competent jurisdiction in a suit instituted against the city to restrain the collection of a tax, does not show a case of negligence. So that if the complaint proceeds upon the idea that the city has become liable to pay the respondent the amount of the assessment upon lot 15, on account of the negligence of the city authorities to do their duty in that behalf and collect the tax, we find this case disproved by the evidence. There is nothing in the testimony that will authorize such an assumption. We have before seen that the city is not generally liable for the expense of grading the streets; that the charter makes such improvements directly chargeable upon the lots fronting on the street graded. Upon what ground then is the action maintainable? The respondent endeavored to avail himself of another principle of law. He contends that where a party has *bona fide* performed labor under a contract which is

June Term, 1861

EILERT v. CITY OF OSHKOSH.

void from a failure of the corporate authorities to comply with some provisions of the charter clothing them with authority to make such contracts, he may maintain an action against the city to recover a *quantum meruit*, when the work has been accepted by the city, and has gone into use for public purposes. In applying this principle to the case at bar, it is said that though the street which was graded had never been legally laid out, still as the respondent supposed, and had a right to assume in dealing with the city, that it had thus been laid out, and as he graded it in good faith under a contract made with the street commissioners, who accepted the work, now if from default of the city authorities he is unable to collect pay for his labor by assessment upon the lots, the city ought to pay him. It is a sufficient answer to this argument to say that the complaint does not proceed for a *quantum meruit*, and for an implied liability on the part of the city to pay for work which it has received and by which its citizens and the public at large are benefited. The complaint states no such cause of action. If this is the respondent's case, he should have so stated it in his complaint and given the city an opportunity of meeting it. It is possible the city might have claimed that as the street which was graded had never been properly laid out, it could not be used as such by the public, and therefore that neither its citizens nor any body else were benefited by the work done upon it. It is unnecessary for us to say whether this would be a good defense, if the action had been brought to recover for the value of the services performed. But the complaint proceeds upon no such ground, and it would be in violation of all well settled rules of practice to permit a party to recover for an entirely different cause of action from that set out in the complaint.

The judgment of the circuit court must be reversed, and a new trial ordered.