McCARTHY v. FROELKE.

TOWNSHIP TRUSTEE.—*Eligibility.*—*Alien.*—A voter under the constitution of this State, though not a citizen of the United States, is eligible to the office of township trustee.

From the Knox Circuit Court.

*O. F. Baker, H. S. Cauthorn, J. M. Boyle, C. M. Allen* and *C. G. McCord*, for appellant.

*W. F. Pidgeon, F. W. Viehe, R. G. Evans, G. G. Reily, W. C. Johnson* and *W. C. Niblack*, for appellee.

BIDDLE, J.—The appellant, the contestor below, a citizen and voter of Knox county, filed his cause of contest, in writing, in the office of the county auditor, against the appellee, the contestee below, to contest his election to the office of township trustee of Vincennes township, of said county.

A trial was had before the Board of Commissioners of the county of Knox, resulting in a judgment against the contestee.

He appealed to the circuit court, and demurred to the cause of action because, as he alleged, it does not state facts sufficient to maintain the contest. His demurrer was sustained, and judgment rendered against the contestor, who excepted and appealed to this court.

The facts averred, upon which the contest is based, not being in dispute, may be condensed as follows:

That the contestor is a qualified elector of Vincennes township, and entitled to vote at all legal elections held by virtue of the laws of this State; that the contestee, at a general election held in said township, on Tuesday, the 10th day of October, 1876, received for the office of township trustee nine hundred and eighty-one votes; that John M. Duesterberg received, at the same election, for the same office, eight hundred and thirty-two votes; that the contestee was declared duly elected; that no other person was voted for at said election for said office; that the appellant contests the right of the contestee to hold said office because he was, at the time of the election, ineligible to be voted for or hold said office; that said contestee was born

in Prussia, and owed allegiance thereto by birth; that he emigrated therefrom, and arrived in the United States on the 9th day of September, 1849; that, on the 29th day of September, 1852, before the clerk of the Knox Circuit Court, he duly declared his intention to become a citizen of the United States, according to the laws of Congress, but has never taken the oath of renunciation from Prussia, nor the oath of allegiance to the United States; and that said John M. Duesterberg received the highest number of votes at said election of any person eligible to be voted for and hold said office, and was therefore duly elected.

These facts show that the contestee was not a citizen of the United States, but that he was, at the time of the election, a voter, under the constitution of the State of Indiana, entitled to vote in the township or precinct where he resided, at all general elections held within the State. Art. 2, sec. 2. The question before us, therefore, is simply this: Is a voter under the constitution of the State of Indiana, though not a citizen of the United States, eligible to hold the office of township trustee?

By the constitution of this State, "No person shall be eligible to the office of governor or lieutenant governor, who shall not have been five years a citizen of the United States, and also a resident of the State of Indiana during the five years next preceding his election." Art. 5, sec. 7. It also provides, that "No person shall be a senator or a representative, who, at the time of his election, is not a citizen of the United States; nor any one who has not been, for two years next preceding his election, an inhabitant of this State, and, for one year next preceding his election, an inhabitant of the county or district whence he may be chosen." Art. 4, sec. 7. The constitution also provides, that "There shall be elected in each county, by the voters thereof, at the time of holding general elections, a clerk of the circuit court, auditor, recorder, treasurer, sheriff, coroner, and sur-

veyor;" and that "Such other county and township officers as may be necessary, shall be elected or appointed in such manner as may be prescribed by law." It further declares, that "No person shall be elected or appointed as a county officer who shall not be an elector of the county." Art. 6, secs. 2, 3 and 4.

After declaring that no person shall be eligible to the office of governor, lieutenant governor, senator or representative, except a citizen of the United States, and then declaring that no person shall be elected or appointed as a county officer who shall not be an elector of the county, the construction plainly arises that any elector of a county is eligible to any county office. If the framers of the constitution had intended to require the same degree of eligibility for a county office that they declared necessary for the office of governor, lieutenant governor, senator and representative, they would doubtless have so declared in plain terms. Under these provisions of the constitution, if we hold that a citizen of the United States, having the other necessary qualifications, is eligible to the office of governor, lieutenant governor, senator or representative, we must hold that an elector of a county, having the other necessary qualifications, is eligible to a county office, although he may not be a citizen of the United States. We can find no provision, either in the constitution or the statutes, prescribing the eligibility necessary to hold the office of township trustee; we must, therefore, look to other provisions, and their fair interpretations, to settle the question before us. Under the constitution it is clear that the contestee was eligible to any county office, and we think it would be illogical to hold that a township office, which is of lesser magnitude, should require a higher degree of eligibility than a county office. The constitution, and its fair interpretation, therefore, conduct us to the conclusion that the contestee was eligible to the office of

McCarthy *v.* Froelke.

township trustee, and that he is entitled to hold it, and exercise its functions.

As this question must be decided by the constitution of Indiana, there being no statute prescribing the eligibility of township officers, and as so few of the constitutions of our sister states contain similar provisions to our own relative to citizenship and the right of suffrage, we are unable to find many precedents, or much light from other sources, upon the question, to guide us in our researches. Whatever the constitution of a state fixes as the status of her citizens, in reference to the right of suffrage or the eligibility to hold office, must control, irrespective of common or political law. Cushing's Law & Practice of Legislative Assemblies, sec. 24.

The only case we can find in our own reports, touching the constitutional eligibility to hold office, is that of *Carson* v. *McPhetridge,* 15 Ind. 327, but the question now before us is not there presented.

The constitution of the State of Wisconsin contains provisions upon the subjects of right of suffrage and eligibility of aliens to hold office, similar to those contained in the constitution of this State. In that State it has been held that a resident alien, who has declared his intention to become a citizen of the United States, pursuant to the naturalization laws of Congress, becomes thereby a citizen of the State of Wisconsin. *In re Carl Wehlitz,* 16 Wis. 468 ; *State, ex rel. Off,* v. *Smith,* 14 Wis. 497 ; *In re Conway,* 17 Wis. 543.

The citizenship of a resident, under the constitution of the United States and the constitution of the state wherein he resides, is much discussed in the celebrated case of *Dred Scott* v. *Sandford,* 19 How. 393. See also the case of *Searcy* v. *Grow,* 15 Cal. 117.

We are of the opinion that there is no error in the record.

The judgment is affirmed, at the costs of the appellant. This judgment is rendered as of the November term, 1877.