The State, *ex rel.* Jeffries, *v.* Kilroy.

---

No. 10,022.

The State, ex rel. Jeffries, *v.* Kilroy.

County Superintendent.—*Appointment.*—*Eligibility.*—*Office and Officer.*—*Alien.*—*Inhabitant.*—*Citizen.*—An inhabitant of a county during one year preceding his appointment to the office of county superintendent is not

ineligible thereto because not a citizen thereof during so long a time. A citizen is a native or naturalized person. An inhabitant is one having a fixed and permanent residence in a county.

SAME.—*Common Schools.—Township Trustees.—County Auditor.*—In the appointment of a county superintendent of common schools, under section 4424, R. S. 1881, the county auditor, although clerk of such election and authorized to give the casting vote in case of a tie, has no power to dictate the manner of voting, or to declare the result of a vote of the trustees.

SAME.—In making such appointment the means and mode of arriving at a result are to be determined by the trustees, without dictation from others.

From the Posey Circuit Court.

*E. M. Spencer* and *W. P. Edson,* for appellant.

*W. Louden, A. P. Hovey* and *G. V. Menzies,* for appellee.

FRANKLIN, C.—Appellant, as relator, filed a complaint in the Posey Circuit Court against appellee, to oust him from the office of county superintendent of schools, and to have himself declared the legal holder of the office. A demurrer was sustained to the complaint. Appellant excepted, refused to amend, and appealed to this court. The error assigned is the sustaining of the demurrer to the complaint. The complaint is in four paragraphs. The questions for decision are the sufficiency of each of said paragraphs on demurrer. That part of the first paragraph, which is different from anything in the other paragraphs, contains, among other things, the following averments: "That at said election for county superintendent of schools, on the 6th day of June, 1881, the only person voted for," etc., "who was eligible to said office, was the said Jeffries; that said Kilroy" (who was voted for) "was born in Ireland, of Irish parentage, and was not a *citizen* of the United States of America until he was naturalized, on the 16th day of April, 1881, and by reason thereof the said Kilroy was not, and could not have been, *an inhabitant of Posey county* aforesaid, in the sense of section 4, of article 6, of the Constitution of Indiana, for and during the period of *one year next preceding the said vote,*" etc., "and was therefore

ineligible to said office, and that by reason of the premises the said Jeffries was duly appointed to said office."

Section 4, of article 6, of the Constitution of Indiana provides, that " No person shall be elected or appointed as a county officer who shall not be an elector of the county; nor any one who shall not have been *an inhabitant thereof during one year* next preceding his appointment."

It is contended by the appellant that the word *inhabitant,* as used in the Constitution, means *citizen,* and that said Kilroy was not a citizen of said Posey county until after his naturalization, which was not one year prior to his said appointment.

Words used in a Constitution, dependent upon a ratification by the people, must be accepted in the sense most obvious to the common understanding, in the belief that that was the sense designed to be conveyed. Cooley Const. Lim. 66. According to the common understanding, there is a plain difference between the meaning of the words *inhabitant* and *citizen*. The word *inhabitant* means " one who dwells or resides permanently in a place, or who has a fixed residence, as distinguished from an occasional lodger or visitor." A *citizen* is a native or naturalized person.

That 'the words were not the same in meaning or effect seems to have been understood by the framers of the Constitution of 1816, for in article 11, section 14, in defining the qualifications for an appointment to a county office, the following language is used : " No person shall be appointed as a county officer, within any county, who shall not have been a citizen and an inhabitant therein, one year next preceding his appointment." Thereby imposing the double qualification of citizenship and inhabitancy. If the terms were synonymous, why use them both ? With a few changes and additions, not affecting the question now under consideration, the Constitution of 1851 in this regard is the same in meaning as that of 1816, except the omission of the important word *citizen*, and in lieu of which is substituted *elector*, the latter being a word, under the present Constitution, of much narrower import and

meaning, and the existence of which is not required for one year preceding. By the present Constitution, citizenship is retained as a qualification to a number of the State offices, but omitted as to the county offices.

McCrary on Elections, sections 45 and 46, says: "It seems very manifest that where the term 'inhabitant' is used especially in describing the qualifications of voters, it does not mean the same thing as citizen. It must be conceded that while the two terms may to a certain extent mean the same thing, the term citizen has a more extensive signification than the term inhabitant, and it is therefore entirely fair to presume that when the framers of a law intend to express this larger meaning, they will use the larger term."

Without discussing the authorities referred to by appellant, we think this question has been settled, so far as this State is concerned, by the former decisions of this court. In the case of *Smith* v. *Moody*, 26 Ind. 299, it was held that the right to vote and the legal capacity to hold office are not essential to citizenship. Allegiance on the part of the person, and the duty of protection on the part of the government, constitute citizenship under the Constitution.

In the case of *McCarthy* v. *Froelke*, 63 Ind. 507, the question under consideration was expressly decided, and this court held, that if the appellee in that case was eligible to a county office on the day chosen, he must have been eligible to the inferior position of township trustee. The court says: "Under these provisions of the Constitution, if we hold that a citizen of the United States, having the other necessary qualifications, is eligible to the office of governor, lieutenant governor, senator or representative, we must hold that an elector of a county, having the other necessary qualifications, is eligible to a county office, although he may not be a citizen of the United States."

There is no pretence that appellee was not an elector, and a resident of the county of Posey for more than one year next preceding his appointment to the office of county superinten-

dent. Such being the case, by a fair interpretation of the Constitution and the authorities referred to, although not a citizen of the United States until in April before the said 6th day of June, 1881, when he was so appointed, still, he was an inhabitant of said county for more than one year preceding said appointment, and an elector at the time of the appointment, and was, therefore, eligible to the appointment.

That part of the second paragraph of the complaint, which is different from anything in the other paragraphs, contains, among other things, the following averments: "That Alfred D. Owen, auditor of said county (empowered by law to take part with said township trustees in making said appointment of said county superintendent of schools), then and there wrongfully caused said township trustees, against their wish and will, to vote *viva voce* for said office instead of by ballot, by dictating to them, and by threatening them that unless they should vote *viva voce* he would not record their votes; and thereupon he proceeded to call the names of each of said township trustees to vote *viva voce*, without any authority from them so to do; that the gross misconduct," etc., "of said Owen as such auditor in so doing worked an injury to said Jeffries by causing Vincent M. Cartwright, a township trustee of Lynn township, in said county, to vote for said Kilroy instead of said Jeffries; and that, without said vote of said Cartwright for said Kilroy, said Jeffries would have had a majority of all the votes cast; and that, by reason of the premises, the said Jeffries was duly appointed to said office."

We think the statement of facts as contained in this paragraph falls far short of showing that appellant was duly appointed to the office. The 33d section of the school law—1 R. S. 1876, p. 789—provides that the township trustees shall meet at the auditor's office of their respective counties on the first Monday in June, 1873, and biennially thereafter, and appoint a county superintendent, etc. The auditor only had a right to act as clerk of the board of election, keep a record of the same, and, in case of a tie, give the casting vote. The

trustees had the right of controlling the manner of the election. The law does not prescribe the manner of voting, and if the trustees saw fit, either with or without the dictation of the auditor, to vote *viva voce* instead of by ballot, that would not render the election or appointment void; otherwise, appellant would have no claim to the office. If Mr. Cartwright failed to have the independence to vote his sentiments, if they were for Mr. Jeffries, because he had to vote *viva voce* instead of by ballot, that was Mr. Jeffries' misfortune, and not a cause for setting aside the appointment of Kilroy.

That part of the third paragraph of the complaint which differs from the preceding is as follows: " That, at said election for county superintendent of schools, said Owen, auditor of said county, acting as chairman and teller of said election, etc., called the names of said township trustees, who voted *viva voce*, with the following result: Said Jeffries received five votes, and said Kilroy received four votes, Vincent M. Cartwright, township trustee of Lynn township, refusing to vote; that thereupon the said Owen counted all the votes given, and unqualifiedly declared said Jeffries elected, after which said Owen wrongfully permitted said Cartwright to vote for said Kilroy, and himself as such auditor also wrongfully voted for said Kilroy; and that, by reason of the premises, the said Jeffries was duly appointed to said office."

This paragraph does not allege that the board of trustees had canvassed the votes cast and declared Jeffries appointed before Cartwright cast his vote for Kilroy, and when Cartwright voted for Kilroy that made a tie between them, and, under the statute, the auditor had the right to give the casting vote. The auditor's declaring Jeffries elected did not amount to anything; he had no right to make such declaration. It was the duty of the board of trustees to do that, and until they had finally settled the matter Cartwright had a legal right to vote.

The fourth paragraph contains nothing new in addition to the third.

We have given the foregoing extracts from the complaint as they were contained in appellant's brief, in order that we might state all the grounds upon which he claimed a reversal of the judgment, and, in following his brief, we have treated the appointment as an election, but it has very few elements of a popular election about it.

The law simply provides that the township trustees shall appoint, and says nothing about the manner in which the appointment shall be made; any mode that they may adopt by which they can arrive at the expression of the wish of the majority is sufficient to designate the person to be appointed, and there is nothing binding until there is a final determination of the subject by the trustees.

We think neither paragraph of the complaint states facts sufficient to constitute a good cause of action.

There was no error in sustaining the demurrer to the complaint. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.