CIVIC IMPROVEMENT LEAGUE OF TOLEDO, Appellee, v. MATT
HANSON, Appellant.

**INTOXICATING LIQUORS:**   Nuisance—Injunction—Who May
1  Maintain.  A corporation may not maintain an action to enjoin
an intoxicating liquor nuisance.   (See Sec. 2405, Code, 1897;
Sec. 2406, Code Supp., 1913.)

**WORDS AND PHRASES:** "Citizen."   A corporation is not a "citi-
2  zen" within the meaning of the statute which authorizes "any
citizen," etc., to maintain actions for the enjoining of liquor
nuisances.   (Sec. 2405, Code, 1897; Sec. 2406, Code Supp., 1913.)

**INTOXICATING LIQUORS:**   Nuisance—Injunction—Law Control-
3  ling.  The right to an injunction to restrain the unlawful sale
of intoxicating liquors depends on the state of the law *at the
time the action is brought*.

*Appeal from Tama District Court.*—B. F. CUMMINGS,
Judge.

SATURDAY, OCTOBER 20, 1917.

THE opinion state the case.—*Reversed.*

*M. W. Hyland,* for appellant.

*J. R. Caldwell,* for appellee.

WEAVER, J.—Because of the novelty of
the question presented by this appeal, we
quote the petition in its entirety, omitting
only the caption and signature.   The plain-
tiff states:

"1.   That it is a corporation duly organized and in-
corporated under the laws of Iowa, in the name and style
of The Civic Improvement League of Toledo, Iowa, and
doing business at Toledo, Iowa.

"2. That it is not a corporation for profit but for the furtherance of public interest.

"3. That plaintiff is interested in the peace, welfare and good order of the community and county and brings this action for the abatement of a nuisance; that the practice of matters complained of menaces the welfare of the community, is destructive of morality and defeats a desire on the part of the people to prevent the sale of intoxicating liquors by unauthorized persons.

"4. That Toledo is 'dry territory,' and no one has a permit to sell liquor for any purpose in Toledo, Iowa,— that the county is 'dry' except where tolerated, and the sentiment of the people is against traffic in intoxicants.

"5. That defendant has for years past been coming to Tama County and cities of Tama and Toledo for the purpose of soliciting, taking and accepting orders for the purchase, sale, shipment and delivery of intoxicating liquors; that he has various places and buildings in said towns, where he arranges to meet parties, a particular description of which buildings is unknown to plaintiff; that he makes a business of soliciting and taking orders for intoxicating liquors from people of Tama County, and that he collects the agreed purchase price from time to time; that unless restrained he will continue to do so; that the effect of his coming is that more liquor is sold than if he did not so solicit.

"6. That defendant is not a resident of Tama County, Iowa; that if defendant is permitted to continue as in the past it will necessitate a great many actions for single offenses and a multiplicity of suits.

"7. That defendant has no right or permit to sell intoxicating liquor in Tama County; that a continuance of such sales, purchase, shipment and delivery of intoxicating liquor upon the streets of Tama, Toledo and Tama

County and the use of buildings so used will continue to be a nuisance to the irreparable injury of plaintiff and citizens of the county.

"Wherefore, plaintiff prays that defendant be enjoined, by himself, agents or servants from in any manner selling intoxicating liquors in violation of law or from soliciting, taking or accepting orders for the purchase, sale, shipment and delivery of intoxicating liquors; that he be restrained and enjoined from using any buildings or places of business in the town of Toledo as a place of meeting with purchasers of said intoxicating liquor and soliciting, taking and accepting orders therefor; that said nuisance be enjoined; that a temporary injunction issue in accordance with this prayer, and that on final hearing said injunction be made perpetual, and for such other relief as may be deemed equitable in the premises, and for costs, including a reasonable attorney's fee."

The defendant, answering the petition, admits the corporate capacity of the plaintiff and that the defendant is a nonresident of Tama County, and denies all other matters charged against him.

The action was begun March 8, 1915; issue was joined April 1, 1915; trial was had March 16, 1916; and on March 20, 1916, a decree was entered for a permanent injunction against the defendant as prayed.   Defendant appeals.

I.   Of the questions presented and argued, we think it necessary to consider but one, and that is the capacity of the plaintiff corporation to maintain an action of this character.

The right to abate or restrain a liquor nuisance by injunction is of statutory creation, and if plaintiff is empowered or entitled to sue for such relief in the public interest, the authorization must be found in some legislative enactment.   Looking into the development of this legislation, we find the subject first treated in Section 12 of

Chapter 143 of the Acts of the Twentieth General Assembly, where, after the "erection, building or place" in or upon which unlawful traffic in intoxicants is carried on is declared to be a nuisance, punishable as an indictable misdemeanor, the following provision is found:

"Any citizen of the county where such nuisance exists, or is kept or maintained, may maintain an action in equity to abate and permanently enjoin the same."

At the next session of the general assembly, the act last above mentioned was revised and elaborated to some extent, but no change was made in the provision as to the person or party authorized to bring suits of that character (see Acts of the Twenty-first General Assembly, Chapter 66). The same may be said of Chapter 73 of the Acts of the Twenty-second General Assembly. The law as thus framed was carried forward into the Code of 1897, Sections 2405, 2406, substantially as enacted by the twentieth and twenty-first general assemblies, the right to bring injunction proceedings in such cases being given to "any citizen of the proper county." The legislature, in Chapter 84, Acts of the Thirtieth General Assembly, extended the scope of liquor injunctions to include the business of bootlegging, but made no change with respect to the parties who might legally maintain such actions. But bootlegging as there defined did not include such acts as were here charged to defendant. This was the state of the statute law upon this question when this action was begun, and, so far as it relates to the proper parties plaintiff in actions of that nature, such is the law today.

2. WORDS AND PHRASES: "citizen." We come, then, to the question, Is a corporation a citizen, within the meaning of these statutes?

The plaintiff's petition does not reveal the character of the plaintiff corporation or the purpose for the promotion of which it is organized, except to say that it is not a cor-

poration for pecuniary profit; but this, perhaps, is not a fatal omission if, as a matter of fact or law, a corporation can be classed as a citizen for the purposes of the injunction statute. But if its capacity for citizenship were admitted, we have further to say that nothing is alleged showing the corporation to be a citizen of Tama County. · The fact that a party is "doing business at Toledo, Iowa," would not necessarily make him a citizen there.

Passing this defect, and coming directly to the construction of the statute, we think it must be held that a corporation is not a citizen, within the legislative meaning. The word has been variously defined. It is sometimes said that "citizen" is the equivalent of elector, or a person entitled to vote and enjoy the general political privileges of the government under which he lives. See Bouvier's Law Dictionary and Webster's Dictionary. In some connections it is held to mean no more than "resident" (*Devanney v. Hanson.* [W. Va.] 53 S. E. 603), or a person native or naturalized, of either sex, who owes allegiance to a government and is entitled to protection from it (*Greenough v. Board,* 30 R. I. 212). The phrase "citizen of the county" is said to describe one who is a citizen of the state and a resident of the county (*Gruetter v. Cumberland Tel. & Tel. Co.,* 181 Fed. 255). Again, "All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States." *In re Look Tin Sing,* 21 Fed. 905. Citizens are members of the political community to which they belong. They are the people who compose the community, and who, in their associated capacity, have established or submitted themselves to the dominion of a government for the promotion of their welfare and the protection of their individual as well as their collective rights. *United States v. Cruikshank,* 92 U. S. 542. A corporation is not a citizen, within the meaning of the constitutional guaranty of the privileges and immunities of citizens against dis-

criminatory state legislation. See numerous cases cited in 2 Words and Phrases 1168. As an apparent exception to the general rule, a corporation is classed as a citizen for the purpose of determining the right to remove an action from the state to the Federal courts because of diverse citizenship of the parties. *Chicago & N. W. R. Co. v. Whitton's Admr.*, 80 U. S. 270. But, except for the purpose of determining the jurisdiction of the Federal courts, the rule is that ordinarily the term "citizen" means only a natural person, and will not be construed to include a corporation unless the general import and purpose of the statute in which the term is found seem to require it. *State Internat. & Life Assurance Co. v. Haight*, 35 N. J. L. 282; *Tatem v. Wright*, 23 N. J. L. 429, 445; *State v. Kilroy*, 86 Ind. 118; *Scarborough v. Eubank*, (Tex.) 52 S. W. 569, 571; *State v. County Court of Howard County*, 90 Mo. 593; *Paul v. Virginia*, 75 U. S. 168 (19 L. Ed. 357). There is nothing in this statute or its apparent purport or purpose which requires the extension of the word "citizen" to include a corporation. On the contrary, we think it clearly excludes any such broadened definition. The evident reason prompting this particular provision was, doubtless, to prevent the law from being brought into contempt by lax enforcement at the hands of hostile or indifferent or negligent officers charged with that duty. The authority thus given to a private individual to interpose and in his own name enjoin offenders against the law was an unusual one,—an authority which could hardly be extended to all persons indiscriminately and unconditionally without being abused; and it was a wise restriction that its exercise should be confined to citizens whose established and settled relations as members of the organized community within the county would serve in some degree as a guaranty of good faith on the part of complainants, and a check upon reckless and ill-founded prosecutions. There doubtless are some reasons why citi-

zens desiring to have the law enforced, but shrinking from personal litigation, with its attendant publicity, trouble and costs, would find the use of a corporation to effect their purpose a welcome expedient, and we can respect the feeling which prompts the thought; but the legislature has not authorized it, and the court is without power to engraft it upon the law as written.

**3. INTOXICATING LIQUORS: nuisance: injunction: law controlling.**

II.   Counsel for appellee calls our attention to the law of the thirty-sixth general assembly (Code Suppl. Supp., Sec. 2461-a) so defining the term "bootlegger" as to make it include persons carrying on the business or doing the acts charged against defendant in this case, and to permit the issuance of an injunction against one who so offends. Even if this statute were held otherwise applicable, it would not serve to avoid the insuperable objection that the plaintiff had not then and has not now the capacity to maintain the suit; but very manifestly, the defendant's liability to injunction must be governed and disposed of under the law as it stood when the suit was brought, unaffected by a statute which did not come into effect until three months later.

The injunction cannot be sustained, and the decree of the district court is—*Reversed.*

GAYNOR, C. J., PRESTON AND STEVENS, JJ., concur.