CONNELL v. STATE OF INDIANA, EX REL. THOMPSON.

[No. 24,614. Filed October 17, 1924. Rehearing denied July 3, 1925.]

1. CONSTITUTIONAL LAW.—*Legislative authority vested exclusively in legislature, and it is supreme except as limited by state or federal constitution.*—The legislative authority of the state is vested exclusively in the general assembly and that body is supreme and sovereign in that respect except so far as its power is limited by some provision of the state or federal constitution or treaties made or acts of congress passed under its authority. p. 426.

2. MUNICIPAL CORPORATIONS.—*Legislature has unlimited authority to create municipal offices and prescribe qualifications of officials.*—Except so far as the constitution may have prescribed the qualifications of public officers, or otherwise limited the legislative authority, the power of the legislature to create municipal offices and to fix the qualifications of those who shall fill them is unlimited. p. 426.

3. OFFICERS.—*Federal constitution does not prescribe qualifications of state or municipal officers.*—The Constitution of the United States prescribes no qualifications for any state or municipal officers, but only for representatives in congress, senators and the President. p. 426.

4. OFFICERS.—*Constitutional qualifications of state and county officers stated.*—The state Constitution requires that state senators and representatives and the Governor shall be citizens of the United States, but county officers are only required to be electors of their respective counties and inhabitants thereof for one year. p. 426.

5. OFFICERS.—*No constitutional qualifications for municipal officers.*—The state Constitution does not prescribe any qualifications for city and town officers, but only that they shall reside in their respective city or town and keep their offices therein. p. 426.

6. MUNICIPAL CORPORATIONS.—*Legislature has unlimited power in fixing qualifications for the office of city councilman.*—Since the Constitution has not prescribed any qualifications for city councilmen, it necessarily follows that the power of the legislature in that respect is unlimited. p. 428.

7. MUNICIPAL CORPORATIONS.—*City councilman not required to be citizen of United States.* A city councilman is only required to have the qualifications prescribed by §10266 Burns 1926, §8644 Burns' Supp. 1921, Acts 1921 p. 404, and the fact that he is not a citizen of the United States does not disqualify him from holding the office. p. 428.

8. CONSTITUTIONAL LAW.—*Constitutional question not considered when not necessary to decision of case under consideration.*— The Supreme Court will not consider a constitutional question when the decision thereof is not necessary to the decision of the case under consideration. p. 428.

9. OFFICERS.—*Ineligibility at time of election to office does not preclude holding the office if disqualification is removed before commencement of term.*—Ineligibility at the time of election to a public office does not preclude holding the office if the disqualification has been removed before the commencement of the term and the claimant is then eligible to fill the office. p. 429.

10. COMMON LAW.—*Common law yields to constitutional or statutory provision inconsistent with it.*—The common law yields

at all times where the Constitution or a valid statute contains provisions inconsistent with its rules.   p. 431.

From Tippecanoe Circuit Court; *Homer W. Hennegar,* Judge.

Information by the State of Indiana, on relation of Mark L. Thompson, prosecuting attorney, against William P. Connell.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Clyde H. Jones* and *Stuart, Simms & Stuart,* for appellant.

*George P. Haywood, E. Burleigh Davidson* and *Mark L. Thompson,* for appellee.

EWBANK, J.—The relator, as prosecuting attorney, filed an information in the nature of *quo warranto,* asking that appellant be removed and excluded from the office of councilman in the city of Lafayette.   Appellant's demurrer thereto having been overruled, he excepted to the ruling and filed a paragraph of special answer, to which appellee filed a demurrer.   This demurrer being sustained, appellant again reserved an exception, and refused to amend or answer further, whereupon judgment was rendered that he "be ousted from said office of councilman from the second ward in said city of Lafayette, Indiana, and that said office be declared vacant,   *   *   *   and that the plaintiff have judgment for costs against said defendant."

The complaint, as amended before the demurrer was filed, alleged, in substance, that at the city election in November, 1921, appellant and one Sammons were opposing candidates for the office of councilman from the second ward; that appellant received a majority of the votes cast, and was given a certificate of election by the board of election commissioners, and on January 2, 1922, took the oath of office, after which he took his seat in the council and participated in its proceedings,

and since has been and is holding the office of councilman, claiming the right to do so.  But that he was not at any of said times, nor at the time the complaint was filed, and never had been a citizen of the United States, and therefore was not a legal voter of said ward; that he was born in Ireland, and had never been naturalized. Also that one Scherer was elected to said office in the fall of 1917 and qualified and entered upon the duties of the office on the first Monday in January, 1918, and afterward resigned, when one Hall was appointed to fill out his term; and that Hall became a candidate for and was elected to the office of councilman at large in the city of Lafayette at said election in 1921, and his term as councilman from the second ward expired on January 2, 1922, so that there was no one other than appellant claiming or attempting to fill said office of councilman from the second ward, and no one entitled to fill said office, but that it was vacant and should be so declared.  Nothing was alleged in the complaint as to appellant's lack of any qualifications for the office of councilman except that he had not become fully naturalized, and therefore was not a citizen of the United States nor of the State of Indiana, and was not a legal voter of the second ward.

The special answer alleged that after his birth in Ireland appellant emigrated to the United States in 1889, and became a resident of the city of Lafayette in 1892, and the same year filed his declaration of intention to become a citizen of the United States, and ever since, continuously, had been a resident, taxpayer and voter of said city, voting at all times in the city of Lafayette, under the *bona fide* conviction and belief that he was a *bona fide citizen* of the State of Indiana and of the United States, and that, for the ten years last past, he had lived continuously in the second ward.  That, at all times since 1892, he has exercised all the rights and

has assumed all the burdens and responsibilities and has at all times been accorded and has enjoyed the privileges and immunities of a naturalized citizen, and that he contributed a son, born in Lafayette, to the service of the United States in the World War, who spent eighteen months overseas as a soldier in such service; that inadvertently and wholly by oversight, he failed to apply for his second or final naturalization papers until the year 1919, when he first learned that he was not fully naturalized, and, on account of the change of the law, his application was refused; that in 1920, he renewed his first naturalization papers, and in January, 1923, (after this action was commenced), became a naturalized citizen of the United States. That at the times of his nomination, election and qualification, and at all times since, he continuously has been a person over the age of twenty-one years, a *bona fide* resident, freeholder, taxpayer and voter of the second ward of said city of Lafayette, and possessed of all qualifications prescribed by the statutes of Indiana for holding said office, and that no other person is asserting any right or claim thereto.

The record presents for decision the question whether or not the adoption of an amendment to Art. 2, §2, of the Indiana State Constitution, by a majority of the votes cast at a special election in September, 1921, so as to restrict the right of voting at "all elections" to citizens of the United States who possess certain qualifications as to age and residence, had the effect of making appellant ineligible to hold the office of city councilman.

"The legislative authority of the State shall be vested in the General Assembly" (Art. 4, §1, Constitution, §104 Burns 1926, §97 Burns 1914), and that body

1, 2.  is supreme and sovereign, except so far as its power is limited by some provision of the State

Constitution, or by the Federal Constitution or treaties made or acts of Congress passed under its authority. *State, ex rel.,* v. *Menaugh* (1898), 151 Ind. 260, 266, 51 N. E. 117, 43 L. R. A. 408, 418; *Hanly* v. *Sims* (1910), 175 Ind. 345, 356, 93 N. E. 228; *Carr* v. *State* (1911), 175 Ind. 241, 246, 93 N. E. 1071, 32 L. R. A. (N. S.) 1190; *Lafayette, etc., R. Co.* v. *Geiger* (1870), 34 Ind. 185, 196. Therefore, except so far (if at all) as the Constitution may have prescribed the qualifications of public officers, or otherwise limited the legislative authority, the power of the legislature to create municipal offices and to fix the qualifications of those who shall fill them is unrestrained.

The Constitution of the United States prescribes no qualifications for any state or municipal officers, but only for representatives in congress, for senators and for the President. Art. 1, §§2, 3, and Art. 2, §1, U. S. Constitution; §§2, 3, 11 Burns 1926, §§2, 3, 11 Burns 1914.

And the Constitution of the State of Indiana requires that state senators and representatives and the Governor shall be citizens of the United States. Art. 4, §7, and Art. 5, §7, Constitution, §§110, 140 Burns 1926, §§103, 133 Burns 1914. But, as to county officers, it only requires that they shall be electors of their respective counties and inhabitants thereof for one year. Art. 6, §4, Constitution, §161 Burns 1926, §154 Burns 1914. And no qualifications are prescribed for town (city) and township officers at and prior to the time of their election, but only that they shall reside in their respective towns (cities) and townships, and keep their offices therein. Art. 6, §6, Constitution, §163 Burns 1926, §156 Burns 1914.

Admitting that no provision of the Constitution expressly prescribes the qualifications to be possessed by a member of a city council, or expressly limits the

power of the general assembly to fix the qualifications for holding that office, appellees cite and rely upon a fiat of the Supreme Court of Wisconsin in an early case (*State, ex rel.,* v. *Smith* [1861], 14 Wis. 539) that "as to all  *  *  * governments it is an acknowledged principle, which lies at the very foundation, and the enforcement of which needs neither the aid of statutory nor constitutional enactments or restrictions, that the government is instituted by the citizens for their liberty and protection, and that it is to be administered and its powers and functions exercised only by them and through their agency." From which that court drew the conclusion that being an elector was a necessary qualification for holding the office of sheriff, although the Constitution did not expressly so provide, and did provide that residents who had declared an intention to become citizens of the United States might vote, before becoming citizens. But in each of two later cases, the Supreme Court of Wisconsin has distinguished and limited the effect of the above case, and we know of no instance where it has been followed, or where the courts have assumed to declare a necessary qualification for holding an office not fixed by the constitution or by statute. *State, ex rel.,* v. *Murray* (1871), 28 Wis. 96, 9 Am. Rep. 489; *State* v. *Trumpf* (1880), 50 Wis. 103, 5 N. W. 876.

This court has repeatedly held that where a person possessed all the qualifications prescribed by the Constitution, he could not be excluded from an office because of not being a citizen of the United States or because he had not become a citizen as much as a year before he was elected or appointed to the office. *McCarthy* v. *Froelke* (1878), 63 Ind. 507; *State, ex rel.,* v. *Kilroy* (1882), 86 Ind. 118.

The Constitution not having created the office of city councilman nor prescribed any qualifications which a

person shall possess in order to hold that office, 6, 7. it necessarily follows that the power of the legis- lature as to those subjects was unrestrained. The only qualification imposed by statute is the follow- ing: "No person shall be eligible to any city office un- less he shall have been a resident of such city for at least one year immediately preceding his election, nor shall any person be eligible to the office of councilman to represent any ward unless for the last six months of his residence in such city he shall have been a resident of such ward." §10266 Burns 1926, §8644 Burns' Supp. 1921, §1, Acts 1921 p. 404.

Since the complaint did not deny and the demurrer to the answer expressly admitted that appellant pos- sessed these qualifications, the judgment excluding him from office was erroneous.

Some objections to the amendment of the Constitu- tion referred to (Art. 2, §2, Constitution) as having been adopted only by a majority vote at an elec- 8. tion when a comparatively small number of bal- lots were cast, have been suggested by counsel. But this court will not consider a constitutional ques- tion the decision of which is not necessary to the de- cision of the pending case. And the conclusion we have reached makes it unnecessary to pass on those objec- tions.

The judgment is reversed, with directions to sustain appellant's demurrer to the complaint.

### ON PETITION FOR REHEARING.

EWBANK, J.—The case of *State, ex rel.,* v. *Boyd* (1891), 31 Nebr. 682, 48 N. W. 739, 51 N. W. 602, cited by appellee, merely held that a section of the Consti- tution of Nebraska which provided that "No person shall be eligible to the office of Governor * * * who shall not have * * * been for two years next

preceding his election a citizen of the United States and of this state" (Art. 5, §2), had the effect of making Boyd ineligible to that office. Moreover, that case was appealed from the Supreme Court of Nebraska to the Supreme Court of the United States, which held that Boyd was a citizen of the United States, and reversed the judgment. *Boyd* v. *Thayer* (1891), 143 U. S. 135, 158, 12 Sup. Ct. 375, 36 L. Ed. 103.

The case of *Taylor* v. *Sullivan* (1891), 45 Minn. 309, 47 N. W. 802, 11 L. R. A. 272, 22 Am. St. 729, also cited, held that an alien who had not declared his intention to become a citizen of the United States until after being elected, but had duly declared such intention before the commencement of the term for which he was elected, was not eligible to the office of county attorney under provisions of the Constitution of Minnesota that: "Persons of foreign birth, who shall have declared their intention to become citizens, conformably to the laws of the United States upon the subject of naturalization" (being otherwise qualified) should have the right to vote (Art. 7, §1), and that, "Every person who by the provisions of this article, shall be entitled to vote at any election shall be eligible to any office * * * elective by the people in the district," etc. (Art. 7, §7). But, on the only question really decided, to the effect that a person qualified when the time arrives to take his office may be excluded from it because he was not qualified before being elected, that case is opposed to the decisions of the courts of many states, including Indiana. Several courts of last resort have held that a person who became naturalized after being elected and before entering upon the duties of his office at the time fixed for the commencement of his term was eligible to take and hold it, where his eligibility depended upon citizenship, although he was not a citizen when elected. *State, ex rel.,* v. *Van Beek* (1893),

87 Iowa 569, 54 N. W. 525, 19 L. R. A. 622, 43 Am. St. 397; *State, ex rel.*, v. *Murray* (1871), 28 Wis. 96, 9 Am. Rep. 489; *State* v. *Trumpf* (1880), 50 Wis. 103, 5 N. W. 876, 6 N. W. 512. And where claimants were ineligible to the offices sought at the time of being elected thereto, by reason of having voluntarily borne arms against the United States, or because they were then holding judicial offices, or for other reason, but were capable of procuring the disability to be removed, and had become eligible when the time arrived for taking possession of their offices, qualifying and entering upon the performance of their official duties, the courts of Indiana and of many other states have held them eligible to fill such offices. *Privett* v. *Bickford* (1881), 26 Kans. 52, 40 Am. Rep. 301; *Demaree* v. *Scates* (1893), 50 Kans. 275, 32 Pac. 1123, 20 L. R. A. 97, 34 Am. St. 113; *Smith* v. *Moore* (1883), 90 Ind. 294; *Shuck* v. *State, ex rel.* (1893), 136 Ind. 63, 35 N. E. 993; *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506, 517, 81 N. E. 509, 11 Ann. Cas. 944; *Kirkpatrick* v. *Brownfield* (1895), 97 Ky. 558, 31 S. W. 137, 29 L. R. A. 703, 53 Am. St. 422; *Bradfield* v. *Avery* (1909), 16 Idaho 769, 102 Pac. 687, 23 L. R. A. (N. S.) 1228.

2 Kent's Commentaries p. 64, cited by appellee, merely purports to declare the statute law of the State of New York on the subject of aliens being made incapable of voting or holding office, and cites the revised statutes of New York as authority. 1 R. C. L. p. 801, §8, cited by appellee, declaring the rule contended for by him, based its declaration solely on the case of *State, ex rel.*, v. *Smith* (1861), 14 Wis. 539, and other cases which have quoted the language of that one by way of *dictum*, while distinguishing it and holding that the rule declared by it was not controlling as to the questions then before the court for decision.

It is a fundamental principle that the common law

yields at all times where the Constitution or a valid
10. statute contains provisions inconsistent with its
rules. §244 Burns 1926, §236 Burns 1914, §236 R.
S. 1881; 1 R. S. 1852, §1, p. 351, §1, Acts 1818 p. 308;
*Stevenson* v. *Cloud* (1839), 15 Blackf. (Ind.) 92.

The Constitution of the State of Indiana for a pe-
riod of seventy years, from 1851 to 1921, expressly pro-
vided that men who were not citizens of the United
States, having declared an intention to become citizens
and resided in the state, the township and the ward or
precinct for the prescribed time, should be entitled to
vote.   Art. 2, §1, Constitution, §91 Burns 1926, §84
Burns 1914, 1 R. S. 1852, §2, p. 46.   And as the origi-
nal opinion in this case pointed out, the Governor and
members of the General Assembly were the only of-
ficers whom it required to possess any other or greater
qualifications in order to hold office during all that pe-
riod.   And appellant had been a resident voter at the
city of Lafayette for twenty-nine years and was already
nominated for the office of councilman before the Con-
stitution was changed so as to limit the right of suf-
frage to citizens.

An unsupported fiat of the Supreme Court of
Wisconsin, announced sixty-five years ago, at which
time and for sixty years continuously thereafter and
until after September 6, 1921, being four months after
appellant was nominated for the office of councilman
and only two months before he was elected, the Con-
stitution of Indiana permitted aliens who had declared
their intention of becoming citizens to vote and hold all
offices in the state except the offices of Governor, Lieu-
tenant-Governor, senator and representative, is not a
sufficient basis for excluding from the office of city
councilman one who had been a duly qualified voter of
the city for twenty-nine years at the time of his nom-
ination, and continued to reside therein.

It may be remarked that the Supreme Court of Indiana held many years ago that "the office of councilman is an office purely and wholly municipal in its character. He has no duties to perform under the general laws of the State.   The State has enacted a law applicable to all cities that may organize under it.   The inhabitants of the particular locality, after having taken the necessary steps for an organization, elect the designated number of councilmen, who have the power to enact by-laws, and do such other acts and perform such other duties as pertain to their office in the municipality. These powers and duties of councilmen are beyond and in addition to any acts, powers, and duties performed by officers provided for under the state government. * * * In our opinion the office of councilman in a city, although a lucrative office in the ordinary sense of the word, is not a lucrative office within the ninth section of the second article of the constitution." *State, ex rel.*, v. *Kirk* (1873), 44 Ind. 401, 406, 408, 15 Am. Rep. 239.

If the people of Indiana wish to make citizenship a qualification for holding municipal office, or to exclude all but voters from the right to hold such offices, they may so provide by statute or by constitutional amendment, when it will become the duty of the courts to give effect to the law as so enacted.   But we cannot adopt an artificial and strained construction of the recent amendment to the Constitution to exclude from office one who had been for many years and until after his nomination eligible to vote and to hold any but a very few of the principal offices of the state, under the express provisions of the Constitution as well as the statutes, and who is not now expressly made ineligible to serve as councilman either by the Constitution or the statutes.

The petition for a rehearing is overruled.