## SMITH v. STATE OF INDIANA.

[No. 24,603.   Filed June 24, 1924.]

1. STATUTES.—*Amendments.*—*Titles.*—Where an amendment to an act adds matters not embraced in the original act, and the title to such original act is not amended so as to comprehend the amendment, *held* the title of the act was not broad enough to include the amendment.   p. 687.

2. INTOXICATING LIQUORS.—*Statutes.*—*Amendments.*—*Repeal by Implication.*—That part of the section of the Prohibition Act (Acts 1917 p. 15 as amended by Acts 1921 p. 736, §8356d Burns' Supp. 1921), which made it a criminal offense to keep intoxicating liquors with intent to sell, was repealed by Acts 1923 p. 70, which omitted this provision in amending such section.   p. 687.

3. STATUTES.—*Amendments.*—*Repeal of Former Acts.*—An amendment of a section of a law "to read as follows" operates to repeal all of the section amended not embraced in the amended section of the law.   p. 688.

From Fayette Circuit Court; *E. Ralph Himelick,* Judge.

Prosecution by the State of Indiana against Cecil Smith for possession of whisky with intent to sell. From a judgment of conviction, the defendant appeals. *Reversed.*

*Wiles, Springer & Roots* and *G. Edwin Johnston,* for appellant.

*U. S. Lesh,* Attorney-General, and *Crank & Wilde,* for the State.

TRAVIS, J.—Appellant was convicted of an alleged offense, that he did on August 9, 1923, "unlawfully keep intoxicating liquor, to wit:   two gallons of 'white mule whiskey' with intent to sell the same, contrary * * *" etc.

Before trial appellant unsuccessfully moved to quash the affidavit which charged the alleged offense, because it appeared upon the face thereof that the facts stated in the affidavit do not constitute a public offense, for

the reason that the statute which defined the offense has been repealed (§4, Acts 1917 p. 15, as amended §1, Acts 1921 p. 736, as amended §1, Acts 1923 p. 70) and that there is no existing law upon which the charge may be predicated.

Appellee's proposition is, that the alleged offense is based upon §1, Acts 1923 p. 70, and that the offense named in the act and charged in the affidavit is the unlawful possession of intoxicating liquor; that the word "keep" in the affidavit means "possess"—the word used in the statute—and that the words "with intent to sell the same" in the affidavit are mere surplusage.

The possession of intoxicating liquor was not an offense under §1, Acts 1921 p. 736, for the reason that the title of the original act did not comprehend

1.  the mere possession of intoxicating liquor. The amendatory act, Acts 1923 p. 70, *supra,* does not amend the title to the original act. In the case at bar the court holds that the title to the act is not broad enough to comprehend the mere possession of intoxicating liquor. *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180; *Powell* v. *State* (1923), 193 Ind. 258, 139 N. E. 670; *Walker* v. *State* (1924), *ante* 402, 142 N. E. 16.

Appellant's proposition is, that the affidavit was prepared to charge a violation of the Prohibition Law as amended by the General Assembly in 1921, which law made it an offense to keep intoxicating liquor with intent to sell the same, and which amendatory act has since been repealed. §1, Acts 1921 p. 736.

The amendatory act of 1921, Acts 1921 p. 736, which made it a criminal offense to keep intoxicating liquor, with intent to sell the same, was amended by

2.  the General Assembly in 1923. (Acts 1923 p. 70). The amended section omitted that part of the section amended which made it a criminal offense

to keep intoxicating liquor with intent to sell, etc., which in effect repealed this offense as made by the amendatory act of 1921 of the Prohibition Law, Acts 1921 p. 736.

The amendments are accomplished in both instances by amending the sections of the acts to be amended, "to read as follows." An amendment of a section of a law "to read as follows" operates to repeal all of the section amended not embraced in the amended section of the law. Lewis' Sutherland, Statutory Construction (2d ed.) §337. All of §1, Acts 1921 p. 736, which is not embraced in the section as amended (Acts 1923 p. 70) is repealed.

It is not an offense against the laws of Indiana to keep intoxicating liquor with intent to sell the same, nor to keep or possess intoxicating liquor.

The affidavit did not charge an offense. The trial court committed error in overruling the motion to quash the affidavit.

Judgment reversed and remanded, with instructions to the trial court to sustain appellant's motion to quash the affidavit.

Ewbank, J., dissenting.