## ALYEA v. STATE OF INDIANA.

[No. 24,453. Filed April 1, 1925. Rehearing denied June 26, 1925.]

1. INTOXICATING LIQUORS.—*Section of prohibition law prohibiting nuisance is covered by the title.*—Acts 1917 p. 15, is entitled "An Act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor except for certain purposes and under certain conditions." The general subject of the act being to prohibit certain acts in regard to intoxicating liquors, a provision in §20 thereof defining a common nuisance in relation to intoxicating liquor, and providing a penalty for maintaining or assisting in maintaining the same, is germane to the general subject and covered by the title, and is constitutional. p. 367.

2. INTOXICATING LIQUORS.—*Affidavit need not allege that nuisance was maintained in a disorderly manner.*—An affidavit charging that accused maintained or assisted in maintaining a nuisance where liquor is sold, need not allege that the rooms were kept in a disorderly manner. p. 369.

3. INTOXICATING LIQUORS.—*Nuisance may be maintained by one not the owner.*—In a prosecution for a violation of §20 of the prohibition act (Acts 1917, ch. 4), proof that accused maintained the place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage is sufficient. p. 369.

4. INTOXICATING LIQUORS.—*An affidavit charging a nuisance is sufficient if it follows the language of the statute.*—In charging the maintenance of a liquor nuisance it is not necessary that the affidavit shall state kind of liquor sold, price, buyers, or quantity, nor any other evidentiary facts. It is sufficient if it follows the language of the statute. p. 370.

5. INTOXICATING LIQUORS.—*A charge of maintaining and assisting in maintaining a nuisance charges but one crime.*—An affidavit which charges the maintaining and assisting in maintaining a nuisance does not charge more than one offense, though there are different parts of the same, the violation of any one of them constituting the crime. p. 370.

6. INTOXICATING LIQUORS.—*An instruction on proof of nuisance held not misleading.*—Defendant was accused of maintaining and assisting in maintaining a nuisance. The court in instructing on reasonable doubt, used the words "The burden is upon the State to establish his guilt as to one or the other offenses * * *." Although there is only one offense charged in the affidavit, this instruction is not so indefinite as to mislead the jury. p. 370.

7. INTOXICATING LIQUORS.—*An instruction using words outside of the charge held not fatally erroneous.*—An instruction in a prosecution for maintaining a liquor nuisance which states that the accused is charged with maintaining or assisting in maintaining a common nuisance "and with reference to the unlawful possession and use of intoxicating liquor," is not so erroneous as to require a reversal, though the words quoted are inaccurate. p. 371.

8. INTOXICATING LIQUORS.—*An instruction on maintaining a nuisance held to be a correct statement of the law.*—In a prosecution for maintaining or assisting in maintaining a nuisance an instruction *held* not to be open to the objection that it told the jury that a single sale or gift of intoxicating liquor together with evidence that accused maintained or assisted in maintaining the nuisance was sufficient to justify a conviction, and to be a correct statement of the law. p. 372.

9. CRIMINAL LAW.—*There is no error in refusing instructions already covered.*—There is no error in refusing instructions where the principles of law embraced have been set forth in other instructions already given. p. 372.

10. INTOXICATING LIQUORS.—*Sales of liquor by one not the proprietor may be sufficient to prove a nuisance.*—Proof that one who is charged with maintaining or assisting in maintaining a nuisance, made several sales of whisky on different days in a place of which he was not the owner or proprietor, is sufficient to prove the charge. p. 373.

From Decatur Circuit Court; *John W. Craig,* Judge.

Gregg Alyea was convicted of maintaining a nuisance, and he appeals. *Affirmed.*

*Hugh D. Wickens* and *Frank Hamilton,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, *John W. Holcomb* and *Tremain & Turner,* for the State.

GEMMILL, J.—Appellant and another were charged by affidavit with the offense of maintaining and assisting in maintaining a common nuisance. The affidavit was predicated on §20 of the prohibition law, Acts 1917 p. 15. He was tried separately by jury and was found guilty. The affidavit omitting the caption, signature and jurat is as follows: "Hugh Flint being duly sworn upon his oath says that on or about the   *   *   *   day of November, 1922, and on or about the   *   *   *   day of December, 1922, and on or about the   *   *   *   day of March, 1923, at and in the county of Decatur and State of Indiana, Thomas Robbins and Gregg Alyea did then and there unlawfully, keep, use, maintain and assist in maintaining certain rooms, to wit: The first or ground floor rooms of a two story brick building situated on the south side of Railroad street in the city of Greensburg, said county and State, which building is commonly known as the National Hotel building, for the purpose of selling, bartering, delivering and disposing of intoxicating liquors as a beverage in violation of the laws of the State of Indiana, and the said Thomas Robbins and Gregg Alyea did then and there unlawfully keep, use, maintain and assist in maintaining, said described premises as a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage in violation of the laws of the State of Indiana, and the said Thomas Robbins and Gregg Alyea did then and there unlawfully sell, barter, and give away and assist in selling, bartering and giving away intoxicating liquors to be drunk as a beverage in violation of the laws of the State of Indiana, and did then and there and thereby maintain and assist in main-

taining a common nuisance, then and there being contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

From the evidence it appears that the defendant, Robbins, had a written lease for the National Hotel building in the city of Greensburg, where a hotel was conducted; that both defendants spent much time there; that in one of the ground floor rooms of the said hotel building, there were pool tables and a bar where soft drinks were sold; that both defendants sold "white mule whisky" to various customers in said room; that sometimes the customers would be taken into an adjoining room where liquor would be sold to them; that when whisky was sold by appellant by the drink, he took the bottle containing same and a glass from his pocket and served the whisky, charging twenty-five cents for each drink; that appellant also sold "white mule whisky" by the half pint, charging $1.50 for each half pint; that appellant was present when his codefendant, Robbins, sold liquor at various times; and that when the latter was absent, the appellant was in charge of the place.

In his assignment of errors, the appellant claims as follows: That the court erred in overruling appellant's motion to quash the affidavit, and that the court erred in overruling his motion for a new trial. The motion to quash the affidavit is for the following reasons: The facts stated in said affidavit do not constitute a public offense, and the affidavit does not state the offense charged with sufficient certainty. Under the second specification various reasons are given.

Appellant contends that the facts stated in the affidavit do not constitute a public offense, because §20 of

1. chapter 4 of the acts of 1917, Acts 1917 p. 15, said chapter being the prohibition law, is void, being in contravention of Art. 4, §19, of the

Constitution, which provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; and that said §20, *supra,* attempts to define the additional offense and crime of maintaining a common nuisance; and that because there is nothing in the title of the act which gives any intimation of such legislative intent, or to indicate that the offense of a common nuisance is included in the body of the act, said section is unconstitutional and void.    This court has held that said ch. 4 of the acts of 1917 is not violative of Art. 4, §19, of the Constitution. *Schmitt, Supt.,* v. *F. W. Cook Brewing Co.* (1918), 187 Ind. 623, 3 L. R. A. 270; *James* v. *State* (1919), 188 Ind. 579.   In *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180, 182, it is stated that if the title to an act covers a general subject, it need go no further and mention all matters that are germane to such subject, nor is it necessary that details be mentioned in the title of the act.   "It is also the settled rule that the title of an act is to receive a liberal construction if necessary to sustain the legislative intent.   A critical construction will not be made of the title to hold a statute unconstitutional, but on the contrary the language used is in all cases given a liberal interpretation and the largest scope accorded the words employed that reason will permit in order to bring within the purview of the title all the provisions of the act." *State* v. *Closser* (1912), 179 Ind. 230, 235; citing *Hargis* v. *Board, etc.* (1905), 165 Ind. 194; *Board, etc.,* v. *Albright* (1907), 168 Ind. 564; and *State, ex rel.,* v. *Bartholomew* (1911), 176 Ind. 182, Ann. Cas. 1914B 91.

The title to the said prohibition act is as follows: "An Act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor except for certain purposes and under certain conditions."   The

general subject of the act is to prohibit certain acts in regard to intoxicating liquors. The section in question was enacted to prevent the selling, manufacturing, bartering or giving away of intoxicating liquor in violation of law. The legislative intent for including said section is plain, and it is closely related to the other parts of the law. The subject of said §20, *supra,* defining what is a common nuisance in relation to intoxicating liquor, and, providing a penalty for maintaining or assisting in maintaining same is germane to the general subject of the act. The provisions of said section are covered by the title of the act and §20, *supra,* is constitutional.

Appellant says that the affidavit does not state a public offense for the reason that no facts are averred or set forth in same showing that the rooms which appellant was charged with maintaining and assisting in maintaining were kept, operated or maintained in a disorderly manner, and without such facts being stated, the affidavit failed to state a public offense. Said §20, *supra,* defines the offense of a common nuisance, and does not provide that the place be kept in a disorderly manner in order to constitute a nuisance. A person who keeps a place where intoxicating liquors are sold in violation of the law is guilty of the offense defined in said §20, *supra. Thompson* v. *State* (1920), 189 Ind. 182, 186. In a prosecution for violation of §20 of the Prohibition Act, proof that the defendant maintained the place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage was sufficient. *Shelton* v. *State* (1921), 191 Ind. 228, 231. In claiming that the affidavit does not state the offense charged with sufficient certainty, appellant insists that the affidavit should state the kind of intoxicating liquor

sold, bartered or given away as a beverage; that it should aver the price or consideration received for the liquor; that the name or names of the person or persons to whom said liquors were sold, bartered or given away, should be set forth; and that the quantity of the liquor sold, bartered or given away, should be stated. In general, the affidavit in question follows the language of the statute and states the facts with sufficient certainty. It is not necessary that the affidavit contain the different specifications or any of them claimed by appellant. In such an affidavit it is not necessary to plead evidentiary facts, as the ultimate facts are all that are required in pleading an offense.

4. Appellant also claims that the affidavit is not valid for the reason that more than one offense is charged therein. In the affidavit, only one offense is charged, that of maintaining or assisting in maintaining a common nuisance, although there are different parts of same, the violation of any one of which constitutes the crime. There was no error in overruling the motion to quash.

5. The motion for a new trial sets out fourteen causes for same, twelve of which relate to the giving or refusing to give certain instructions to the jury, and the others are that the verdict of the jury is contrary to law and is not sustained by sufficient evidence.

Appellant's objections to certain instructions given by the court upon its own motion, for the reason that they are based upon §20 of the Prohibition Act, are not well taken.

Instruction No. 3 given by the court upon its own motion, reads as follows: "In this case the defendant is not bound to prove anything. The burden is upon the State to establish his guilt as to one or the other offenses as defined to you in this case, beyond a reasonable doubt, whether or not he ex-

6.

plains to your satisfaction any fact or facts proven against him." Appellant says that this instruction is vague and indefinite and calculated to mislead the jury to appellant's prejudice. The instruction mentions "one or the other offenses." There was only one offense charged by the affidavit, but it charges different acts thereunder, any one of which would constitute the offense. We believe that the instruction is definite and that the jury could not have been misled thereby to appellant's prejudice.

Appellant asserts that instruction No. 8, given by the court upon its own motion, is erroneous. It is as follows: "The defendant stands charged in this case with the offense of maintaining or assisting in maintaining a common nuisance as defined by statute and in these instructions, and with reference to the unlawful possession and use of intoxicating liquor. Even though you may believe him guilty of having committed some other crime you can not convict him in this case, unless you find from the evidence beyond a reasonable doubt, that he is guilty of the offense as charged herein. Evidence with reference to sales of liquor by this defendant and by the defendant, Thomas Robbins, should be considered by you only for the purpose of determining whether or not the defendant Gregg Alyea did as charged in the affidavit, maintain or assist in maintaining the said rooms for the purpose of keeping, selling or permitting others to drink intoxicating liquors in said room in violation of the law and for no other purpose." The objection is to the following part of same: "And with reference to the unlawful possession and use of intoxicating liquor." Said part of the instruction is not accurate. However, it is the rule that error in a particular instruction will not justify a reversal unless it is of such a nature that the whole charge of which it forms a part is thereby vitiated so as to mis-

lead the jury as to the law of the case. *Shields* v. *State* (1897), 149 Ind. 395, 406; *Indianapolis Traction, etc., Co.* v. *Thornburg* (1919), 74 Ind. App. 642, 646. The remainder of said instruction is correct and complete. We believe that the jury could not have been misled as to the law, by the erroneous part of said instruction.

Instruction No. 10, reads as follows: "If you find from the evidence beyond a reasonable doubt that the defendant Gregg Alyea had white mule whisky in his possession and sold or delivered to other persons quantities of said white mule whisky at and in said rooms as described in the affidavit herein, then I instruct you that such acts constitute a violation of law with respect to the possession, sale and delivery of intoxicating liquor; and if you further find from the evidence beyond a reasonable doubt that said defendant kept and maintained or assisted in keeping and maintaining said rooms in the manner and form as alleged in the affidavit and that such place was so maintained by him, or he so assisted in maintaining the same for the keeping, sale or drinking of such intoxicating liquor, in violation of law as above defined, that is sufficient in that respect to justify a conviction." Appellant claims that this instruction informed the jury that a single sale or gift of intoxicating liquor together with evidence that defendant maintained or assisted in maintaining the room was sufficient to justify a conviction. We do not agree with this contention of appellant as to the meaning of this instruction, and we are of the opinion that same is a correct statement of the law.

The court did not err in refusing to give to the jury, instructions Nos. 1, 3 and 4, tendered by the defendant, as the principles of law embraced in same which he was entitled to have given, are set forth in instructions given by the court upon its own motion.

Appellant says that there is no evidence that he was maintaining or assisting in maintaining the rooms to such an extent as would render him liable under the law, that the utmost that can be claimed for the state's evidence is that he made one or two sales of liquor, and that if any one was guilty of the charge it was the owner and operator of the premises and not the appellant.   It is shown by the evidence that appellant made several sales of whisky and on different days in the rooms described in the affidavit.   In the case of *Vesely* v. *United States* (1921), 276 Fed. 693, it was held that where there was evidence showing the defendant sold whisky at a buffet on a number of days to a certain person, he was properly prosecuted and convicted as a principal under an information charging him with the unlawful maintenance of a place for the sale of intoxicating liquors, though he was not shown to be the proprietor of the place where he sold the liquor.   There is evidence proving all the material allegations of the affidavit.   The verdict of the jury is sustained by sufficient evidence and is not contrary to law

The judgment is affirmed.

Myers, J., not participating.