THOMPSON *v.* STATE OF INDIANA.

[No. 24,473.   Filed May 22, 1925.]

1. INDICTMENT.—*Affidavit charging conjunctively the doing of all the acts declared by the statute to constitute a criminal offense not bad for duplicity.*—Where any one of two or more acts is declared by a statute to constitute an offense and all are made punishable by the same penalty, an affidavit in the language of the statute charging conjunctively the doing of all such acts is not bad for duplicity.   p. 231.

2. INTOXICATING LIQUORS.—*Affidavit charging liquor nuisance by the violation of all the provisions of §8356t Burns' Supp. 1921, Acts 1917 p. 15, §20, was not bad for duplicity, nor for uncertainty of the character of the place maintained.*—An affidavit charging the defendant with maintaining a certain place (describing it) where intoxicating liquors were sold, bartered and given away in violation of law, and where they were kept to be drunk as a beverage, and where they were kept for sale, barter and delivery in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, which were declared by §20 of the 1917 Prohibition Law (Acts 1917 p. 15, §8356t Burns' Supp. 1921) to constitute a common nuisance, was not bad for duplicity or for uncertainty in the description of the character of the place alleged to have been maintained.   p. 231.

3. INTOXICATING LIQUORS.—*Section 20 of 1917 Prohibition Act (§8356t Burns' Supp. 1921), defining a liquor nuisance, is prop-*

Thompson *v.* State—196 Ind. 229.

*erly. connected with the subject of the act as stated in the title.*—Forbidding any person to keep a place where intoxicating liquor is sold, manufactured, bartered or given away in violation of law, as is done in §20 of the Prohibition Law of 1917 (§8356t Burns' Supp. 1921) is properly connected with the title of the act.   p. 231.

4. INTOXICATING LIQUORS.—*Description in search warrant of place to be searched held sufficient.*—A search warrant describing the place to be searched as "the building and all out buildings commonly known as number 30 Lower Third Street in the city of Evansville" authorized the search of all parts of the building at No. 30 Lower Third street.   p. 232.

5. INTOXICATING LIQUORS.—*Possession of intoxicating liquor on April 14, 1923, was not criminal offense.*—Possession of intoxicating liquor on April 14, 1923, was not a criminal offense.   p. 233.

6. INTOXICATING LIQUORS.—*Evidence held insufficient to prove guilt of maintaining liquor nuisance.*—In the absence of evidence that liquor was manufactured or was sold or otherwise disposed of, or drank on the premises, or that persons resorted there for the purpose of drinking it, evidence of the reputation of a place formerly kept by others as a saloon, in which defendant had recently opened a soft drink parlor, and possession of a pop bottle filled with whisky in his residence behind the soft drink parlor, was not sufficient to establish guilt of maintaining a nuisance.   p. 233.

7. INTOXICATING LIQUORS.—*Possession of half pint of whisky in defendant's residence not prima facie evidence that he was engaged in sale.*—Possession of a half pint of whisky in a closet of the kitchen of defendant's residence was not *prima facie* evidence that he was engaged in the sale of intoxicating liquor as a beverage.   p. 234.

From Vanderburgh Circuit Court; *W. O. Bohannon,* Special Judge.

Charles Thompson, Jr., was convicted of violating the prohibition law, and he appeals.   *Reversed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

EWBANK, J.—On May 1, 1923, an affidavit was filed charging that on April 14, 1923, the defendant (appel-

lant) unlawfully maintained and assisted in
1, 2. maintaining a certain place, room, house, build-
ing and structure located and known as No. 30
Lower Third street, in the city of Evansville, in Vander-
burgh county, State of Indiana, where intoxicating liq-
uors were then and there sold, bartered and given away,
in violation of law, and where they were kept to be
drunk as a beverage by divers persons to the affiant
unknown, and where said intoxicating liquors were then
and there kept for sale, barter and delivery, in violation
of the laws of this state, and where persons were then
and there permitted to resort for the purpose of drink-
ing intoxicating liquors as a beverage, and that the said
defendant did then and there unlawfully keep intoxicat-
ing liquors in and use the same in maintaining said
place. Overruling a motion to quash this affidavit is
assigned as error. But where either of two or more
acts is declared by a statute to constitute the same of-
fense, and is made punishable by the same penalty, an
affidavit which, in the language of the statute, charges
the doing of all of such acts, conjunctively is not bad for
duplicity by reason of that fact. *Lennard* v. *State*
(1921), 191 Ind. 371, 372, 132 N. E. 677.

Since §20, Acts 1917 p. 15, (§8356t Burns' Supp.
1921) declares any place of either kind mentioned in
the affidavit to be a common nuisance if any of the acts
charged in said affidavit are done therein and makes
it a criminal offense to maintain such a place, the affi-
davit is not open to the objection of duplicity or un-
certainty in the matter of describing the character of
the place alleged to have been maintained.

Forbidding any person to keep a place where intoxi-
cating liquor is sold, manufactured, bartered or given
away in violation of law is a matter properly con-
3. nected with the subject of "prohibiting the
manufacture, sale, gift, advertisement * * *

of intoxicating liquor," as set out in the title of said act of 1917. *Alyea* v. *State* (1925), *post* 364, 147 N. E. 144.

Evidence was introduced to the effect that officers with a search warrant commanding them to search "the following premises, building and all out buildings

4. commonly known as number 30, Lower Third street in the city of Evansville," in Vanderburgh county, State of Indiana, for stills and devices for the manufacture of intoxicating liquor, and for such liquor being therein sold, bartered and given away as a beverage; and being kept therein with intent so to sell, barter and give them away in violation of the laws of this state, went to No. 30 on said street, where appellant was operating a "soft drink parlor," and after having read the warrant to him, searched the room in which soft drinks were sold, and the dining room immediately behind it which opened into it, and the kitchen behind that, being the dining room and kitchen of his residence; that on the drain board in the kitchen sink they found an empty "pop bottle" which "had the odor of white mule," and that on the floor of a toilet closet that opened off from the other side of the kitchen was another "pop bottle" filled with "white mule whisky"; that the closet was dark, but when an officer entered with a flash light, the bottle of whisky was in plain sight; that there was an electric light in the closet which could be turned on, and the bottle was not covered up in any way; that there were thirty-two one-gallon jugs in the cellar, all empty and clean, and placed on a rack; that former owners had used the "soft drink parlor" as a saloon where intoxicating liquor was sold, for several years before the Prohibition Law was enacted; that the building was owned by appellant's wife, who had purchased it about two months before this search was made, and she and appellant had moved there about

twenty-six days before; that appellant had been keeping the soft drink parlor about two weeks; that appellant and his wife and children lived in the building, and his wife conducted a rooming house there, the rooms upstairs being let as sleeping rooms; and over objections and exceptions by appellant, several witnesses testified that the reputation of No. 30, Lower Third street, as being a place where intoxicating liquors were sold and otherwise disposed of and as being a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, was "bad."

The description of the place to be searched as set out in the warrant was "the following premises; building and all out buildings commonly known as number 30 Lower Third street in the city of Evansville." This was a sufficient description to authorize the search of the building at No. 30 Lower Third street, where the bottle was found. *Boyd* v. *State* (1924), 195 Ind. 213, 143 Ind. 355. But the mere possession by appellant of a half-pint of intoxicating liquor in his residence, at the time the search was made, on April 14, 1923, was not a criminal offense. *Powell* v. *State* (1923), 193 Ind. 258, 139 N. E. 670; *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471; *Beemer* v. *State* (1925), *ante* 95, 147 N. E. 276. And in the absence of any evidence that liquor was manufactured or was sold or otherwise disposed of, or drank on his premises, or that persons resorted there for the purpose of drinking it, evidence of the reputation of the place formerly kept by others as a liquor saloon, in which appellant recently had opened a soft drink parlor, and that a pop bottle filled with whisky was found in his residence behind the soft drink parlor, was not sufficient to prove him guilty of maintaining a nui-

sance. *Shacklett* v. *State* (1924), 195 Ind. 436, 145 N. E. 554; *Brown* v. *State* (1925), *ante* 77, 147 N. E. 136.

The possession of a half-pint of whisky in a closet of the kitchen of appellant's residence did not constitute *prima facie* evidence that he was engaged in the
7. sale of intoxicating liquor as a beverage, and the court erred in giving an instruction to the effect that it did.

For the errors indicated, the judgment is reversed, with directions to sustain appellant's motion for a new trial.