DARBYSHIRE *v.* STATE OF INDIANA.

[No. 24,635.   Filed June 26, 1925.]

1. INTOXICATING LIQUORS.—*Possession of liquor not an offense under existing statute.*—Possession of liquor, with or without the intent to sell, give away, or otherwise dispose of it, was not an offense in September, 1923.   p. 359.

2. INTOXICATING LIQUORS.—*Evidence considered and held not sufficient to prove violation of several charges.*—A charge of manufacturing liquor, receiving from a carrier, disposing of liquor, and maintaining and assisting in maintaining a nui-

sance, under Acts 1917 p. 15, is not sustained by evidence that accused was found sitting on the porch of his brother's home, and that he had half a pint of whisky in his pocket together with two small whisky glasses, even though there was testimony that he was frequently at his brother's place and that it had the reputation of being a place where intoxicating liquors were sold and where people were permitted to resort to drink. p. 359.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Charles Darbyshire was convicted of a violation of the prohibition law, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

PER CURIAM.—The indictment charged, in five counts, that appellant unlawfully manufactured intoxicating liquor, received such liquor from a carrier, possessed liquor so received from a carrier, sold, gave away, etc., intoxicating liquor, and maintained and assisted in maintaining a nuisance described in the language of §20, ch. 4, Acts 1917 p. 15. The only evidence was the testimony of police officers that on September 8, 1923, appellant was sitting in a swing on the front porch of the house in which his brother and niece lived, but where he did not live; that when told that the officers had a search warrant for the house he denied having anything to do with it, and then started to leave, when he was searched, and was found to have a pint bottle half full of white mule whisky in an inside pocket of his coat, and two small "whisky glasses" in an outside pocket; that he had recently returned from serving a six months sentence at the penal farm; that he was frequently at his brother's place, and that it had the reputation of being a place where intoxicating liquors were sold and where people were permitted to resort to drink

intoxicating liquor. And an officer testified that what appellant had been doing during the past year was "sitting on the porch and watching the police." But there was no other evidence tending to prove that the brother's house really was a place where intoxicating liquor was sold, etc., or where people resorted for the purpose of drinking intoxicating liquor, or otherwise really constituted a nuisance, nor that appellant maintained or assisted in maintaining such nuisance, if it was one. And there was no evidence that the half pint of liquor was received from a carrier by anybody at all.

The charge was not merely having possession of intoxicating liquor, or having such possession with intent to sell, give away, or otherwise dispose of it, nor
1. was such possession, whether with or without that intent, a public offense in September, 1923. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471.

The evidence above set out was not sufficient to prove appellant guilty of any or either of the specific offenses that were charged by the affidavit. Some other
2. questions are discussed by counsel, but the record does not disclose facts sufficient to present them for decision.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.