## PERRONE v. STATE OF INDIANA.

[No. 24,692.    Filed July 2, 1925.]

INTOXICATING LIQUORS.—*Prohibition of nuisance is within the title of the prohibition law.*—The subject of the act (Acts 1917, ch. 4, p. 15) is intoxicating liquor, and the title of the act restricts it to prohibiting the manufacture, sale, gift, advertising or transportation of such liquor. Section 20 of the act which prohibits the maintenance of a nuisance where liquor is disposed of, is predicated upon the prohibited acts and tends to enforce compliance therewith, and is included in the title.

From Cass Circuit Court; *Earl B. Stroup,* Judge.

Frank Perrone was convicted of a violation of the prohibition law and he appeals. *Affirmed.*

*Rabb, Mahoney & Fansler,* for appellant.

*U. S. Lesh,* Attorney-General, and *Ethan A. Miles,* for the State.

MYERS, J.—On December 11, 1923, appellant, by indictment in the Cass Circuit Court, was charged with maintaining a nuisance by keeping a place where intoxicating liquors were sold, etc., in violation of §20, Acts 1917 p. 15, §8356t Burns' Supp. 1921. The court overruled appellant's motion to quash the indictment. Trial, finding of guilty, followed by sentence.

In this court the overruling of the motion to quash is the only error assigned. In support of this motion, appellants' only insistence is that the facts stated in the indictment do not constitute a public offense, for the reason that the title of the act does not embrace the provisions of §20, *supra,* and hence that section contravenes Article 4, §19, of the Constitution of Indiana. Citing, *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180, and *Powell* v. *State* (1923), 193 Ind. 258, 139 N. E. 670. These cases are not controlling for the reason there was no attempt, by §20, *supra,* to introduce new matter as the basis for an offense, as was sought to be done by the amendment of §4 of the 1917 act.

The precise question here urged by this appellant has been before this court in a number of cases, and in each instance the decision has been against his contention. For our last rulings upon this question see: *Polsinelli* v. *State* (1925), *post* 569, 147 N. E. 918, and *Alyea* v. *State* (1925), *ante* 364, 147 N. E. 144.

Let it be said that "intoxicating liquor" is the subject of the act of which §20, *supra,* is a part, and that the title of such act is restricted to prohibiting the manufacture, sale, gift, advertisement or transportation of such liquor. Still, in as much as the offense defined by §20, *supra,* is predicated upon the prohibited acts expressed in the title, and tends to enforce compliance with the things prohibited, it evidently must be regarded as a matter properly connected with the subject of the legislation.

For the foregoing reasons and former rulings to which we still adhere, the judgment in this case is affirmed.