MANLEY *v.* STATE OF INDIANA.

[No. 24,836. Filed October 9, 1925.]

1. INTOXICATING LIQUORS.—*Possession of intoxicating liquor used in maintaining nuisance was unlawful in June, 1924, though mere possession with intent to sell was not.*—In June, 1924, the possession of intoxicating liquor did not constitute a crime, even though the possessor intended to sell it in violation of law, but the possession of intoxicating liquor in a place where persons were permitted to resort for the purpose of drinking such liquors as a beverage, if used in maintaining the place, was a part of the nuisance there maintained as defined by §8356t Burns' Supp. 1921, Acts 1917 p. 15, and the keeping of it was unlawful. p. 531.

2. COMMON LAW.—*Legislature has power to change rules of common law, except as forbidden by state or federal constitution.*—Except as forbidden or controlled by some provision of the state or federal constitution, the legislature has power to change the rules of the common law, however ancient.   p. 532.

3. STATUTES.—*Mere assertion of invalidity of statute raises no question as to its validity.*—The mere assertion that a statute is invalid, without attempt to show wherein it conflicts with either the state or federal constitution, or with a treaty or paramount act of Congress, presents no question as to the validity of the statute.   p. 532.

4. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain charge of maintenance of liquor nuisance.*—Evidence that police officers found in defendant's home a jug with half a gallon of intoxicating liquor in it, a five-gallon tin can with a few drops of grain alcohol in it, and six other cans of the same kind, a jug, a jar, three bottles and a glass, all of which were empty; that the cans were such as alcohol and various other things are put in; that a witness had "seen a lot of men go there," but did not count them; that when the officers entered the house, appellant's wife attempted to pour the liquor from the jar into a sink, but an officer took the jar away from her; that the reputation of defendant's house as to being a place where intoxicating liquor was sold was "bad"; and that defendant said to the officers that if they had come later, the liquor would not have been there, was insufficient to sustain a charge of maintaining a nuisance as defined in §8356t Burns' Supp. 1921, Acts 1917 p. 15, §20.   p. 533.

From the Jay Circuit Court; *Roscoe D. Wheat,* Judge.

Rex Manley was convicted of maintaining a liquor nuisance as defined in the prohibition law of 1917, and he appeals.   *Reversed.*

*Tod Whipple* and *Jacob F. Denny,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

PER CURIAM.—Appellant was charged in the third and fourth counts of an affidavit, respectively, with the offense of maintaining a nuisance, at his dwelling house on June 6, 1924, in violation of certain provisions of §8356t Burns' Supp. 1921, §20, Acts 1917 p. 15, popu-

larly known as "the Prohibition Law," and the offense of receiving intoxicating liquors from a carrier, on the same date, in violation of §83560 Burns' Supp. 1921 of the same law (§15). He was found guilty only under the third count of the affidavit, which alleged that he had maintained a common nuisance to wit: A dwelling house and place where intoxicating liquors were then and there manufactured, sold, bartered, given away and delivered in violation of the laws of the state, and where persons were permitted to resort for the purpose of drinking said intoxicating liquors as a beverage and that he kept intoxicating liquors in and used them in maintaining said place. Overruling his motion for a new trial is assigned as error.

Appellant asked a series of instructions to the effect that there was no law in Indiana forbidding a person to have intoxicating liquors in his dwelling house and home, even though he had them there with the intention of illegally selling them. As applied to the issues in this case, such instructions would have been erroneous, and the court properly refused to give them. The mere act of having possession of intoxicating liquor was not a public offense in June, 1924, even though the possessor may have intended to sell in violation of law. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471. But if a person who was maintaining in his dwelling house and home a place where intoxicating liquors were being manufactured, sold, bartered, given away and delivered in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, should have kept intoxicating liquors therein and used them in maintaining the place, as the affidavit charged and the jury found by their verdict, then any liquor kept and used in maintaining such place would also be a nuisance, and keeping it there would be unlawful; the statute included

in the definition of a nuisance, the maintenance of which was made punishable as a misdemeanor, "all intoxicating liquor and all property kept in and used in maintaining such a place." §8356t Burns' Supp. 1921, *supra*.

Appellant complains of the admission of certain evidence, the introduction of which was expressly authorized by a statute (§8356c1 Burns' Supp. 1921, §29, Acts 1917 p. 15) which he asks the court to declare unconstitutional. But he offers no argument and cites no authority in support of his contention, beyond a mere assertion that "this is a violation of a primary rule of evidence as old as the English law itself." Except as forbidden or controlled by some provision of the state Constitution, or of the Constitution of the United States or laws and treaties made under it, the legislature has power to enact statutes which change the rules of the common law, however ancient. *Beauchamp* v. *State* (1842), 6 Blackf. 299, 302; *Hedderich* v. *State* (1885), 101 Ind. 564, 566, 1 N. E. 47, 51 Am. Rep. 768; *Hovey, Governor,* v. *State, ex rel.* (1889), 119 Ind. 395, 399, 21 N. E. 21; *Connell* v. *State, ex rel.* (1925), 196 Ind. 421, 144 N. E. 882, 148 N. E. 407.

2.

And the mere assertion that an act of the legislature is invalid, without attempting to show wherein it conflicts with the Constitution, state or federal, or with a treaty or paramount act of Congress, presents no question as to the validity of such act. *In re Pittsburgh, etc., R. Co.* (1897), 147 Ind. 697, 699, 47 N. E. 151. Therefore, we must decline to consider, and shall not undertake to pass upon, the constitutional question suggested, but shall treat the statute as being of unchallenged validity.

3.

There was evidence that near the noon hour, on June 6, 1924, certain officers went with a search warrant to

4. appellant's dwelling house, and there found a three-gallon jug with half a gallon of intoxicating liquor in it, a five-gallon tin can with fifteen or twenty drops of grain alcohol in it, and also six other cans of the same kind, a one-gallon jug, a three-gallon jar, three bottles and a glass, all of which were empty; that the cans were such as alcohol and various other things are put in; that a witness had "seen a lot of men go there," but did not count them; that when the officers entered the house, appellant's wife attempted to pour the liquor from the jar into a sink, and did pour out a little, but an officer took the jar away from her; that, while this was going on, appellant came into the room and was placed under arrest; that the reputation of appellant's house as to being a place where intoxicating liquor was sold was "bad"; and that in answer to an expression by one of the officers of surprise that he had liquor about his residence, appellant said that, if they had come later in the evening, it would not have been there. But no evidence was offered that intoxicating liquor was ever manufactured, sold, bartered, given away or delivered at that place, or that anybody ever resorted there for the purpose of drinking intoxicating liquor as a beverage, or that whatever liquor may have been kept there was kept and used in maintaining a place where any such acts were done. And these were the only acts charged in the third count of the affidavit, on which alone appellant was found guilty. Therefore, the evidence was not sufficient to sustain the verdict and appellant should have been granted a new trial. *Shacklett* v. *State* (1924), 195 Ind. 436, 145 N. E. 554; *Beemer* v. *State* (1925), *ante* 95, 147 N. E. 276; *Brown* v. *State* (1925), *ante* 77, 147 N. E. 136.

Whether or not the evidence would have been sufficient to prove appellant guilty of maintaining a place where intoxicating liquor was kept for sale in violation

of law, if he had been properly charged with that offense and found guilty, is a question not before us, upon which we express no opinion.

The judgment is reversed, with directions to grant a new trial.