## RUNCK *v.* STATE OF INDIANA.

[No. 24,928.   Filed January 26, 1926.]

1. INTOXICATING LIQUORS.—*Prohibition Law of 1917 sufficiently defined crime of maintaining liquor nuisance, and affidavit in language of statute was sufficient.*—Section 20 of the Prohibition Law of 1917 (§8356t Burns' Supp. 1921), prohibiting the maintenance of a liquor nuisance, sufficiently defined a public offense, and an affidavit charging the offense in the language of the statute was sufficient. p. 219.

2. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain finding, that defendant maintained liquor nuisance.*—Evidence *held* sufficient to sustain finding that defendant maintained a liquor nuisance in violation of §20 of the Prohibition Law of 1917 (Acts 1917 p. 15, §20, §8356t Burns' Supp. 1921). p. 220.

3. CRIMINAL LAW.—*Assigning, as reason for new trial 'giving of instructions "1 to —, inclusive," questions correctness of number 1 only.*—Assigning as a reason for a new trial that the court erred in giving instructions "numbered from 1 to —, inclusive," questions the correctness of instruction number 1 only. p. 221.

4. CRIMINAL LAW.—*Refusal to permit witness to answer a question not available error on appeal when appellant's brief does not show question asked.*—The refusal to permit a witness to answer a question is not available error on appeal when appellant's brief fails to show that such question was asked. p. 221.

5. CRIMINAL LAW.—*Exclusion of evidence not available error on appeal unless record shows offer to prove and an exception to the ruling.*—The exclusion of evidence is not available error on appeal unless the record shows an offer to prove and an exception reserved to the ruling. p. 221.

From Vanderburgh Circuit Court; *Charles P. Bock,* Judge.

John Runck was convicted of maintaining a liquor nuisance, and he appeals. *Affirmed.*

*A. E. Gore,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was charged by affidavit, in the language of the statute, with maintaining a nuisance in violation of §20, ch. 4, Acts 1917 p. 15 (§8356t Burns' Supp. 1921). Overruling his motion to quash the affidavit, his motion for a new trial and his motion in arrest of judgment are assigned as errors. The motions to quash the affidavit and in arrest of judgment were for the alleged reason that said statute does not sufficiently define and forbid a

public offense.   This court has repeatedly decided that it does.  Manley v. State (1925), 196 Ind. 529, 149 N. E. 51; Alyea v. State (1925), 196 Ind. 364, 147 N. E. 144; Beemer v. State (1925), 196 Ind. 95, 147 N. E. 276; Thompson v. State (1925), 196 Ind. 229, 147 N. E. 778; Polsinelli v. State (1925), 196 Ind. 569, 147 N. E. 918; Perrone v. State (1925), 196 Ind. 384, 148 N. E. 412.

There was evidence that defendant kept a "soft drink parlor"; that the place was fitted up with "bar fixtures," such as were formerly in common use in saloons

2.    licensed to sell intoxicating liquors; that for some months before appellant was arrested, persons living in rooms up over this establishment had smelled the fumes of white mule whisky there practically every week, and practically all the time, and when they smelled the whisky there had heard glasses clinking; that the fumes were smelled on the stairs under which was a toilet room that opened off from appellant's place; that there was loud talking in there when the glasses were clinking; that the odor of white mule whisky from appellant's place came into the upstairs rooms from the outside when the windows were open; that a witness saw somebody in there pouring what she thought was intoxicating liquor from a jug; that appellant came from there with the odor of liquor on his breath, and also in an intoxicated condition, and so did several other men; that men at different times went in there sober and came out drunk and staggering, who would then use profane, vile and abusive language; that one of them had cursed a female witness after coming out drunk, and another had "talked bad" to her stepson, after coming out staggering; that one evening, about an hour after the place was closed for the night, some officers with a search warrant entered it, and under the counter, down behind some sodawater boxes, found

a quart of white mule whisky, in a fruit jar; that it was intoxicating liquor, "tested 90 proof," and contained more than one-half of one per cent. of alcohol by volume; that they also found a dozen whisky glasses, and three one-gallon glass jugs, each with a few drops of white mule whisky in it, about half a teaspoonful, and smelling of such whisky; that all of the glasses were on the drain board behind the bar; that they were four-ounce glasses, such as were formerly used to serve "toddy" in. This evidence was sufficient to support an inference that defendant kept a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, and unlawfully kept intoxicating liquor therein and used it in maintaining the place. And if he did so, he was guilty of violating §20 of the statute, as charged.

The motion for a new trial specified that, "the court erred in giving to the jury of its own motion instructions numbered from one to — inclusive." This did not amount to a specification of error in giving any instruction but "number one," and no attempt has been made to point out wherein that instruction was erroneous.

The motion also specified as error the alleged refusal of the court to permit the witness, John Wimberg, to answer a question as therein set out. Appellant's brief does not indicate the page and line of the transcript where the question referred to may be found, as required by Rule 22, and we have been unable to find that such a question was ever asked. Moreover, while it appears that one question was asked of witness Wimberg when the trial judge said "that is not competent," and that the question was not answered; the record does not show that any offer to prove was made or that an exception was reserved. Therefore it is not shown that the question referred to in

the motion for a new trial was asked, or that appellant took the necessary steps to bring before this court for review on appeal the ruling made on the question he actually did ask. The motion for a new trial was properly overruled.

The judgment is affirmed.