## WRENCH v. STATE OF INDIANA.

[No. 24,634.   Filed June 9, 1926.]

1. INTOXICATING LIQUORS.—*Section of a statute germane to act was not unconstitutional because not covered by the title of the act.*—Section 20 of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921), defining a liquor nuisance, and imposing a penalty for maintaining the same, was germane to the subject of the act and not in violation of §19, Art. 4 of the state Constitution, as it did not create a new offense or apply to a matter disconnected from the prohibited acts of the remainder of the statute.   p. 63.

2. INTOXICATING LIQUORS.—*Count of affidavit charging that defendant did "furnish and dispose of intoxicating liquor" was not subject to motion to quash.*—A count of an affidavit charging that the defendant did "furnish and dispose of intoxicating liquor," in violation of §4 of the Prohibition Law of 1917 as amended Acts 1923 p. 70, §1, was not subject to a motion to quash, either for want of facts or for want of certainty, although the language of the statute was "furnish or otherwise dispose of any intoxicating liquor."   p. 64.

3. INTOXICATING LIQUORS.—*Count of affidavit charging unlawful transportation of intoxicating liquor in the language of the statute was sufficient.*—A count of an affidavit charging the unlawful transportation of intoxicating liquor in the language of the statute (Acts 1923 p. 70, §1) was sufficient without stating facts showing that it was carried from one place or locality to another, or from which the court could say, as a matter of law, that the acts charged constituted a transportation.   p. 65.

4. INTOXICATING LIQUORS.—*Evidence of reputation of defendant's place is incompetent in prosecution for maintaining liquor nuisance.*—In a prosecution for maintaining a place where intoxicating liquors were sold, etc., in violation of §20 of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921), evidence to the effect that defendant's dwelling was reputed to be a place where persons resorted for the purpose of drinking intoxicating liquors and where same were kept for sale was incompetent.   p. 65.

5. INTOXICATING LIQUORS.—*Evidence held not to sustain conviction of transporting, selling, etc., intoxicating liquor and of maintaining a liquor nuisance.*—Evidence *held* not to sustain conviction of transporting, selling, etc., intoxicating liquor in violation of Acts 1923 p. 70, §1, and of maintaining a place where intoxicating liquor was sold, etc., in violation of Acts 1917 p. 15, §20, §8356t Burns' Supp. 1921.   p. 66.

6.  INTOXICATING LIQUORS.—*Mere possession of intoxicating liquor was not a criminal offense in 1924.*—The mere possession of intoxicating liquor was not a criminal offense in 1924, the title of the Prohibition Law of 1917 (Acts 1917 p. 15) not including that subject.  p. 66.

7.  INTOXICATING LIQUORS.—*Instructions defining "transport" held misleading.*—Instructions that might be understood by the jury as declaring that the mere moving of intoxicating liquor from one room to another in defendant's dwelling would constitute the transportation of such liquor and defining "transport" to mean "to convey from one place to another," "to remove from one place to another," and as "moving from any place to any other place," was probably misleading and, therefore, incorrect.  p. 67.

8.  INTOXICATING LIQUORS.—*Evidence that defendant's daughter drank something from glass while officers were approaching, defendant's dwelling held not to show that intoxicating liquor was "poured out or otherwise destroyed."*—Evidence that when officers approached defendant's dwelling, one of them saw her daughter drink some liquid from a glass did not show that intoxicating liquor was "poured out or otherwise destroyed" within the meaning of §29, Acts 1917 p. 15, §8356c1 Burns' Supp. 1921, making "pouring out" of fluid while premises were being searched *prima facie* evidence of certain facts.  p. 68.

9.  CRIMINAL LAW.—*An instruction which authorizes jury to return "omnibus verdict" on several or all of the counts of an affidavit without evidence to sustain some of them is improper.*—In a prosecution on an affidavit containing more than one count, an instruction which authorizes the jury to return an "omnibus verdict" on several or all of the counts without evidence to sustain some of them is improper, but the jury should be instructed to find the defendant guilty only on the count or counts on which there is evidence sufficient to convict, unless there is evidence tending to sustain all of the counts; in that case, a general verdict of guilty may be rendered.  p. 69.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Mary Wrench was convicted of transporting, selling, etc., intoxicating liquor, and maintaining a place where intoxicating liquor was unlawfully sold, etc., and she appeals.  *Reversed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General and *O. S. Boling,* for the State.

MYERS, C. J.—Appellant was tried in the Delaware Circuit Court before a jury upon an affidavit in five counts. At the close of the evidence, counts 1 and 3 were dismissed, and the jury returned a verdict finding appellant guilty as charged in the affidavit, and fixed her punishment. The court rendered judgment in accordance with the verdict.

The offenses charged in the three counts of which appellant was found guilty are that, on February 23, 1924, she did then and there, in Delaware county, Indiana, unlawfully: (1) Transport intoxicating liquor; (2) sell, barter, etc. (§1, Acts 1923 p. 70); (3) maintain and assist in maintaining a room, house, building and place where (a) intoxicating liquors were then and there manufactured, sold, etc., in violation of law; (b) where persons were then and there permitted to resort for the purpose of drinking intoxicating liquor as a beverage; (c) where intoxicating liquors were kept for use in maintaining the place. Acts 1917 p. 15, §20, §8356t Burns' Supp. 1921.

The properly assigned errors challenge the action of the court in overruling appellant's motion to quash each count of the affidavit; the overruling of her motion for a new trial; and the overruling of her motion in arrest of judgment.

Appellant insists that §20, *supra,* is void in that it violates Art. 4, §19, Constitution of Indiana, for the reason that the title of the act is not broad

1. enough to cover the provisions of this section, nor are the acts therein sought to be prohibited comprehended by the words "manufacture, sale, gift, advertisement or transportation" mentioned in the title. We agree with appellant that the title of the 1917 act,

*supra,* is restrictive and cannot be enlarged by judicial construction to let in matters not properly connected with the subject of the legislation.  The matters connected with the subject—intoxicating liquor—are indexed by the title, and are the acts intended to be prohibited.  Section 20 merely provides a means for punishing those who offend the "shall not" acts mentioned, and, therefore, this section should not be treated as either creating a new offense or applying to a matter disconnected with the prohibited acts.  The rulings of the trial court on the motions to quash and in arrest are sustained.  *Perrone* v. *State* (1925), 196 Ind. 384, 148 N. E. 412; *Polsinelli* v. *State* (1925), 196 Ind. 569, 147 N. E. 918; *Runck* v. *State* (1926), 197 Ind. 218, 150 N. E. 311.

Appellant's insistence that the fourth count of the affidavit fails to state facts sufficient to constitute a public offense, or an offense with sufficient certainty must be denied.  This count is predicated upon the sale clause of §1, *supra,* and is in the language of the statute in that particular, except the affidavit uses the words "furnish and dispose of intoxicating liquor" while the statute reads "furnish or otherwise dispose of any intoxicating liquor."  It seems to us the substitution of the word "and" for the words "or otherwise," and the omission of the word "any," would not mislead a party as to the nature and character of the charge placed against him, or cast a doubt on either the issue to be tried and determined, or the judgment to be pronounced in case of conviction.  This count of the affidavit is sufficient to repel a motion to quash for either want of facts or want of certainty. *Williams* v. *State* (1919), 188 Ind. 283, 297, 123 N. E. 209; *Agar* v. *State* (1911), 176 Ind. 234, 244, 94 N. E. 819.

Appellant claims the second count of the affidavit is bad for failing to allege that the liquor was carried from one place or locality to another, or facts 3. from which the court might say, as a matter of law, that the acts charged constituted a transportation. This count was in the language of the statute, which stated the acts constituting a violation thereof, and was sufficient. *Smith* v. *State* (1924), 194 Ind. 624, 144 N. E. 141; *Anderson* v. *State* (1924), 195 Ind. 329, 145 N. E. 311; *Shade* v. *State* (1925), 196 Ind. 665, 149 N. E. 348.

While appellant has specified many causes in support of his motion for a new trial, yet, in this court, he relies solely upon certain alleged erroneous instructions given by the court on its own motion; insufficient evidence to support the verdict, and the verdict contrary to law.

There is but little, if any, conflict in the evidence, and from which we learn that about an hour after sundown on February 23, 1924, two deputy sheriffs 4. of Delaware county and four police officers of the city of Muncie, armed with a search warrant, proceeded to the home of appellant located about two and one-half miles north of the court-house in the city of Muncie, and after surrounding the one-story house occupied only by appellant and her daughter as a dwelling, one of the deputy sheriffs approached a rear door and, on knocking twice, was asked by some one on the inside who was there. On being told, this officer heard a shuffle in the back porch kitchen and, when they refused to open the door promptly, the officer kicked it open. Appellant went into a little room off the porch and from a window dropped, at the feet of one of the officers on the outside, a pint and a half-pint bottle of white mule whisky. The search resulted in finding

these two bottles of whisky, nine empty bottles, which did not have the appearance or smell of having had liquor in them, and, in a cupboard, eight small glasses, one of which had a whisky odor. All of the foregoing articles were seized by the officers and turned over to the court. There was some evidence to the effect that two gentlemen, not together, had been seen at or near appellant's house on one or two occasions prior to the day of the search, who were reputed to be bootleggers, but neither of them had ever been arrested or charged with any offense. There was also some evidence admitted over objection tending to prove that appellant's dwelling was reputed to be a place where persons were permitted to resort for the purpose of drinking intoxicating liquors and where same were kept for sale. This evidence was permitted to go to the jury as tending to prove the offense defined by §20, *supra*, and of which appellant was convicted. This evidence was incompetent for that purpose and should not have been admitted. *Shacklett* v. *State* (1924), 195 Ind. 436, 145 N. E. 554; *Brown* v. *State* (1925), 196 Ind. 77, 147 N. E. 136.

There was absolutely no evidence that appellant ever transported any intoxicating liquor or that she ever sold, bartered or otherwise disposed of any such liquor, or that she was maintaining or assisting in maintaining a place where intoxicating liquors were sold, bartered or given away, or that persons were permitted to resort there for the purpose of drinking such liquor as a beverage, or that such liquor was kept there for use in maintaining the place, although the jury found her guilty of unlawfully transporting, of unlawfully selling, bartering and giving away, and of keeping a place where intoxicating liquors were sold and kept for sale in violation of law, and where persons were permitted to congregate and drink such liq-

uors.   That appellant had in her possession one pint
and a half-pint of white mile whisky was well proved
by the evidence, but possession of intoxicating liquor
at that time was not an offense, nor was the quantity
sufficient to invoke the *prima facie* rule arising from
possession.   The verdict is not sustained by the evidence.   *Manley* v. *State* (1925), 196 Ind. 529, 149 N.
E. 51; *Thompson* v. *State* (1925), 196 Ind. 229, 147 N.
E. 778.

We account for the verdict returned in this case only
upon the theory that the jury misunderstood some of
the court's instructions.   Of the eight instructions criticized by appellant, we find that three of them, Nos. 6, 7 and 8, were on the subject of transportation of intoxicating liquor.   No. 6 told the jury that if "defendant moved or carried or conveyed intoxicating liquor, then you should find her guilty." No. 7 defined the word "transport" to mean "to convey from one place to another"; or "to remove from one place to another"; "to carry over or across"; "moving from any place to any other place."   No. 8 told the jury that if defendant transported intoxicating liquor, regardless of the name it might have, she would be guilty under the charge of transportation.   These three instructions, when considered together, may have given the jury the impression that the mere moving of intoxicating liquor from one room to another in her own dwelling house was sufficient to authorize it to find her guilty.   Ordinarily, these instructions would be regarded as incomplete, but since there was no evidence whatever tending to prove the transportation charge, we are convinced that the jury was misled by the emphasis placed upon the word "transport" in these instructions.

The ninth instruction covered the sale clause of the statute upon which the fourth count of the affidavit was

predicated. · It told the jury that the defendant 8. would be guilty under this count if the state proved all or any one of the following acts: "sold it * * * or gave it away, or furnished it, and so on, to divers persons to this affiant unknown." Instruction No. 15, after informing the jury that §29, Acts 1917 p. 15 was the law of this state, quoted the section complete with no further explanation. This is the section making the pouring out of liquor "when the premises are being searched" *prima facie* evidence of certain facts. ⸱The state defends this latter instruction on the theory that, as the officers approached the house, one of them saw the daughter drink something from a glass, and, upon this evidence, it is insisted that the fluid thus drunk was "poured out or otherwise destroyed" within the meaning of the statute. Under the evidence in this case, the state's contention in this particular is without merit. Our conclusion on these instructions Nos. 9 and 15, is, there was no evidence justifying the giving of them. However, they evidently impressed the jury with the thought that the liquid drunk from the glass by the daughter should be regarded as intoxicating liquor and furnished by appellant. From this premise or inference, the jury must have concluded that inasmuch as appellant had furnished intoxicating liquor to the daughter, it might naturally follow that she furnished such liquor to other persons whose names were unknown to the maker of the affidavit. The verdict of guilty on count 4 we attribute to these instructions alone. It was therefore contrary to law.

Instruction No. 11 assumed that appellant was conducting a place of business, and the jury was told to consider and weigh the evidence relating to the reputation "of the place of defendant's business," when there was no evidence tending to show that she was

engaged in conducting a business of any kind, as the word "business" is usually understood, either at her home or at any other place.

The meaning of "reasonable doubt" was explained to the jury by instruction No. 13, and while this instruction was not incorrect, it was incomplete in that it did not fully cover the subject.

Instruction No. 18, in substance, told the jury that if they were satisfied from the evidence beyond a reasonable doubt that appellant was guilty of any one or any two, or all of the counts, they might so designate in their verdict the count or counts of which they found the defendant guilty. Or if they desired not to single out a particular count or counts, but wanted to bring in a general verdict on all of the counts, they might do so. The instruction then set forth a form of verdict. It will be noticed that the jury brought in a general verdict on the three counts, which the general tenor of the instruction seems to have invited. An instruction which opens the door for the jury to return what might properly be considered an omnibus verdict without evidence to sustain it must be disapproved. This practice, we have noticed, has been followed by a few of our *nisi prius* courts. It is improper and should be discontinued. Where there is more than one count in an indictment or affidavit, the jury should be instructed to find the defendant guilty of the count or counts only of which, under the evidence, he might be convicted, unless there is evidence tending to sustain all of the counts, in which case, a general instruction covering all may properly be given. *Dehoff* v. *State* (1925), 196 Ind. 671, 149 N. E. 347.

For the reasons above stated, we are compelled to hold that the refusal of the court to grant appellant's motion for a new trial was error.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.