## ROBERTSON *v.* STATE OF INDIANA.

[No. 13,614.   Filed August 1, 1929.]

*F. Clayton Mansfield* and *Fred Mansfield,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—The appellant was prosecuted in the city court of the city of Muncie by an affidavit in three counts, charging the appellant with violating the liquor law.   The first count charged possession, the second transportation, and the third receiving intoxicating liquor.   The appellant was found guilty by a jury, who assessed a fine of $400 and imprisonment in the county jail for five months.

The appellant assigns as error the overruling of his motion for a new trial, and one of the grounds assigned therefor is the giving of instruction No. 14, in which the court told the jury, in substance, that if they found the defendant guilty and wanted to designate which count of the affidavit he was guilty of violating, they could do so, if the evidence warranted it without a reasonable doubt, or if they desired to find a general verdict, and not designate the count, they could do so.   The instruction set out both forms of verdict, and the jury selected

the general form of verdict, and did not indicate which count of the affidavit he had violated.

The evidence in the case shows that the appellant was riding in a taxi cab in the city of Muncie, and, on leaving the taxi cab, he was seen by police officers, who started to follow him, and appellant ran from the officers, and, as he ran, threw away two half-pint bottles of white whisky. The officers caught him and took another bottle out of his hip pocket, and as they took it, the cork came out and all of the liquor ran out except two or three ounces. There is evidence on which the jury might have found him guilty of transporting and possessing intoxicating liquor, but there is no evidence of his having received intoxicating liquor; that is, there is no evidence of his having violated the third count of the affidavit.

In the case of *Wrench* v. *State* (1926), 198 Ind. 61, 152 N. E. 274, Myers, ·C. J., commenting upon an instruction similar to the one given in this case, says: "It will be noticed that the jury brought in a general verdict on three counts, which the general tenor of the instruction seems to have invited. An instruction which opens the door for the jury to return what might properly be considered an omnibus verdict without evidence to sustain it must be disapproved. This practice, we have noticed, has been followed by a few of our *nisi prius* courts. It is improper and should be discontinued. Where there is more than one count in an indictment or affidavit, the jury should be instructed to find the defendant guilty of the count or counts only of which, under the evidence, he might be convicted, unless there is evidence tending to sustain all of the counts, in which case, a general instruction covering all may properly be given."

The question for us to determine is: Was the appel-

lant harmed by the instruction given, and does it constitute reversible error?

In the case of *Edmenster* v. *State* (1929), *ante* 91, 165 N. E. 769, it was held by this court that, where the defendant was tried by the court without the intervention of a jury, and the minimum and maximum punishment provided by the law for the violation of each count was the same, and there was evidence to sustain the finding of guilty upon one of said counts, the judgment could not be reversed, even though there was a want of evidence to sustain conviction upon other counts, citing *Speybroeck* v. *State* (1927), 200 Ind. 69, 155 N. E. 817; *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407, 143 N. E. 513.

We find no reversible error in the record, and the judgment is, therefore, affirmed.